UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

DOV FERSHTADT,                        :
                                      :
              Plaintiff,              :
                                      :
      -against-                       :
                                      :
VERIZON COMMUNICATIONS INC.,          :
THE PLAN FOR GROUP                    :
INSURANCE, METROPOLITAN LIFE          :
INSURANCE COMPANY, and UNUM           :
LIFE INSURANCE COMPANY OF             :
AMERICA,                              :
                                      :
              Defendants.             :

- - - - - - - - - - - - - - - - - - - x



**COMPLAINT**

**TRIAL BY JURY IS DEMANDED**

**DOV FERSHTADT**, as and for his complaint against defendants, alleges as follows:

## PARTIES

1.      Plaintiff Dov Fershtadt ("Dov") is, and at all relevant times has been, a citizen of the State of New York, residing at 399 East 72nd Street, New York, New York 10021.

2.      Defendant Verizon Communications Inc. ("Verizon") is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware, with a place of business located in the County and State of New York.

3.      At all relevant times prior to August 2, 2004, and for an indeterminate period thereafter, Dov was an employee of Verizon.

4.      Defendant The Plan for Group Insurance ("Plan") is an employee benefit plan governed by ERISA.

5.     Dov is, and at all relevant times has been, a beneficiary and participant under the Plan.

6.     Upon information and belief, defendant Metropolitan Life Insurance Company ("MetLife") is, and at all relevant times has been, an insurance company incorporated in the State of New York with a principal place of business located at 1 Madison Avenue, New York, New York.

7.     MetLife is, and at all relevant times since on or about July 1, 2006 has been, an administrator of the Plan.

8.     MetLife is, and at all relevant times since on or about July 1, 2006 has been, a trustee of the Plan.

9.     MetLife is, and at all relevant times since on or about July 1, 2006 has been, fiduciary of the Plan.

10.     Upon information and belief, Verizon is an administrator, trustee and fiduciary of the Plan.

11.     Upon information and belief, defendant UNUM Life Insurance Company of America ("Unum") is, and at all relevant times has been, an insurance company organized and existing under the laws of the State of Tennessee, with a principal place of business located in Chattanooga, Tennessee.

12.     Upon information and belief, at all relevant times prior to on or about July 1, 2006 , Unum was a fiduciary, administrator and trustee under the Plan.

2

## JURISDICTION

13.    This Court has jurisdiction by virtue of:

(a)    28 U.S.C. §1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States, including, without limitation, 29 U.S.C. §1132 (ERISA).

(b)    28 U.S.C. §1367, in that this is a civil action over which this Federal District Court has original jurisdiction and certain of plaintiff's claims are brought under New York State law which are related to the federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the United States.

## VENUE

14.    Venue is proper under 28 U.S.C. §1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Southern District of New York.

## BACKGROUND AND FACTS

15.    In or about 1982, Dov became employed by a company which later became Verizon.

16.    At all relevant times prior to September 11, 2001 ("9/11"), Dov's office at Verizon was located in Tower 2 of the World Trade Center ("WTC").

3

**9/11**

17.    On September 11, 2001, a group of terrorists, who were members of al Qaida, engaged in a series of coordinated terrorist attacks upon the United States ("9/11 Attacks").

18.    Among the targets of the 9/11 Attacks were the buildings comprising the WTC, including the buildings known as the Twin Towers.

19.    On 9/11, al Qaida hijacked four commercial airliners and crashed two planes into the Twin Towers of the WTC, causing both Towers to collapse.

20.    On 9/11, Dov was working at Verizon's offices on the 13th Floor of Tower 2 of the WTC, when American Airlines Flight 11 ("Flight 11"), which had been hijacked by al Qaida operatives, struck Tower 1.

21.    The impact of Flight 11's crash into Tower 1 shook Tower 2 and caused people in Tower 2 to be thrown from their desks to the floor.

22.    In response to the attack on Tower 1, Dov ran down the stairs to the outside plaza between the Twin Towers ("Plaza").

23.    Upon arriving at the Plaza, Dov was forced to dodge airplane parts and other falling debris, including human remains and bodies which exploded on impact with the ground around him.

24.    To avoid physical injury, Dov ran back to Tower 2 to seek shelter.

25.    Shortly after his return to Tower 2, United Airlines Flight 175 ("Flight 175"), which had also been hijacked by al Qaida operatives, crashed into Tower 2 and exploded.

4

26.    Dov was inside Tower 2 at the time Flight 175 struck Tower 2.

27.    Dov again evacuated Tower 2, running for his life and not knowing whether he would be able to get out of the building or survive.

28.    Verizon ordered Dov to return to work (at a different location) on September 12, 2001, the very next day after the 9/11 Attacks on the WTC.

29.    After the 9/11 Attacks, Dov began to experience symptoms associated with major depression ("Major Depression"), Post-Traumatic Stress Disorder ("PTSD") and Dementia ("Dov's Disabling Illnesses and Conditions").

30.    At the time of the 9/11 Attacks, Dov was covered under the Bell Atlantic Long Term Disability Plan for Management Employees ("Bell Atlantic Plan").[1]

31.    The Bell Atlantic Plan provided Dov with disability benefits at 50% of his pre-disability earnings, fully taxable, and was subject to an annual maximum of $420,000 ("$420,000 Cap").

32.    On or about early 2002, Dov was diagnosed with Major Depression and PTSD.

33.    In or about mid-2004, Dov was diagnosed with Dementia.

34.    The symptoms of Dov's Disabling Illnesses and Conditions resulted from physiological and anatomical changes in Dov's brain and brain chemistry, causing, inter alia, severe short- and long-term memory loss; inability to focus, concentrate, process information, or solve even simple problems; and severe and, at times uncontrollable, anxiety.

---

[1] Bell Atlantic acquired GTE and later changed the name of the company to Verizon, thereby explaining the reason for the name of this plan.

35.    In or about 2004, Dov applied for short-term disability benefits.[2]

36.    On or about August 2, 2004, Dov began receiving short-term disability benefits.

## Verizon Changes its Plans and Conveys
## a Special Offer to Employees Other Than Dov

37.    Upon information and belief, in or about October 2001, Verizon offered its employees the option to transfer from the Bell Atlantic Plan to the Plan (the "Verizon Transfer Option").

38.    Upon information and belief, in connection with the Verizon Transfer Option, Verizon issued an offer to employees (although not all of their employees) to give them the option to change their benefit levels from those offered under the Bell Atlantic Plan to those to be offered under the Plan, or to leave the aforesaid levels the same (the "October 2001 Option").

39.    Upon information and belief, Verizon notified its employees of the Verizon Transfer Option by sending a communication to its employees at their employees' various offices.

40.    Upon information and belief, Verizon communicated its October 2001 Option to its employees by sending a communication to its employees' various offices.

41.    In or about the time Verizon communicated the Verizon Transfer Option and

---

[2]Dov also applied for and received short-term disability benefits at an earlier date following 9/11; however, he does not seek relief with respect to those benefits in this Complaint.

October 2001 Option, Dov had no office to which Verizon could issue such communications, inasmuch as the building in which his office had been located had collapsed on 9/11, and Verizon apparently did not send the aforementioned and described communications to those employees working at the temporary facility in which he was working or to employees' homes.

42.    Dov never received any communication to notify him of the Verizon Transfer Option or October 2001 Option, and did not learn of their existence until years later.

**The Plan**

43.    The Plan is an employee benefit plan under the provisions of ERISA.

44.    The Plan does not contain specific provisions dispensing and/or otherwise governing the means by which disability benefits are issued; instead, the Plan makes reference to certain summary plan descriptions ("SPDs") through which benefits are granted, issued, denied and/or otherwise administered.

45.    In or about 2004, Verizon issued an SPD in connection with the Plan ("2004 SPD").

46.    The 2004 SPD contains a provision which provides that Verizon employees whose enrollment was transferred from Bell Atlantic to the Plan, but who did not avail themselves of the October 2001 Option would continue to have whatever benefit levels to which they were entitled to be issued and/or otherwise administered at the benefit levels set forth in the Bell Atlantic Plan.

7

47.    The 2004 SPD contained a provision which states that the benefits are non-taxable and subject to an $8,333 monthly maximum ("$8,333 Cap").

**The 2005 SPD**

48.    Upon information and belief, Verizon, in or about the Fall of 2004, created a new SPD for the Plan entitled 2005 Your Rewards Plan ("2005 SPD").

49.    On October 12, 2004, Verizon sent an email directly to Dov, stating that he was still covered under the Bell Atlantic Plan, and that he was required to enroll in the Plan, under the 2005 SPD ("Verizon Directive").

50.    In reliance upon the Verizon Directive, Dov enrolled in the Plan and 2005 SPD.

51.    In connection with the Verizon Directive, Verizon demanded that Dov select, among other things, a benefit level, as well as a taxability option, for his receipt of disability benefits.

52.    In compliance with the aforesaid and described demand by Verizon, Dov selected a benefit level of 66⅔% of his pre-disability earnings, and that his benefits not be taxable ("Dov's Benefits Selection" or "his Benefits Selection," as applicable).

53.    Under the 66⅔% option of the 2005 SPD, the maximum allowable monthly-tax-free benefit for Dov is $11,111.

54.    On October 22, 2004, Verizon confirmed Dov's Benefits Selection, and indicated in writing that, should he become eligible for long-term disability benefits, his

benefits would be paid in an amount equal to 66⅔% of his pre-disability earnings, that his benefits would not be taxable, and that his benefits would be subject to a cap of $11,111 per month ("Verizon Confirmation").

55.    In reliance upon the Verizon Directive and Verizon Confirmation, beginning on or about January 1, 2005, Dov paid, and Verizon accepted, premiums for Dov's enrollment and participation in the Plan, under the 2005 SPD ("Premiums").

56.    Dov paid the Premiums with after-tax earnings, meaning that he was first taxed on the money that was used to fund the payment of the Premiums.

57.    Upon information and belief, Dov was never subject to the 2004 SPD, but instead, was, in accordance with the Verizon Directive, enrolled in the Bell Atlantic Plan and then transferred directly to the Plan under the 2005 SPD.

**Transfer from Short- to Long-Term Disability**

58.    At the time of Verizon's Directive and Confirmation, Dov was receiving short-term disability benefits.

59.    Dov continued to receive short-term disability benefits until on or about July 29, 2005.

60.    From in or about January 2005 through the middle of July 2005, while Dov was receiving short-term disability benefits, Verizon, its employees and its representatives had repeatedly assured Dov and his wife, Elisa Fershtadt, that if or when Dov was placed on long-term disability, he would receive his benefits at the levels set forth in his Benefits

Selection under the 2005 SPD in which he had enrolled pursuant to the Verizon Directive, and for which he had paid Premiums pursuant to the Verizon Confirmation.

61.    On or about July 14, 2005 ("July 14th Letter"), Unum informed Dov that his request for long term disability benefits ("LTD Benefits") had been approved, but that he would not receive his LTD Benefits at his Benefits Selection levels (i.e., 66⅔% of his pre-disability earnings, tax free, with the $11,111 monthly benefit cap), but that LTD Benefits would be paid under a "Legacy Plan," at 50% of his pre-disability earnings and that they would be fully taxable.

62.    Dov has never received a copy of the Legacy Plan and did not (and does not) know what it is.

63.    On August 3, 2005, Verizon sent Dov a letter ("August 3rd Letter"), confirming his change in status from STD to long-term disability ("LTD").

64.    Despite Unum's July 14th Letter indicating that his benefits would be paid at 50% of his pre-disability earnings level ("50% Level") and be taxable, the August 3rd Letter from Verizon states that Dov's LTD Benefits would be based upon 66⅔% of his pre-disability earnings ("66⅔% Level").

65.    For the next approximately 12 months, Verizon, through Unum, paid Dov's LTD Benefits at the 50% Level, fully taxable, subject only to the $420,000 cap included in the Bell Atlantic Plan.

66.    Although Dov attempted to appeal Verizon's and Unum's decision to administer

10

his benefits in this way, Dov was told by Verizon and Unum that he could not appeal because no formal, adverse determination had been made.

67.    Verizon's and Unum's payment of LTD Benefits at the 50% Level, fully taxable, was arbitrary and capricious, lacking in substantial evidence, wrongful as a matter of law, made in bad faith and is violative of the 2005 SPD, the Plan and any and all other like documents pertaining to Dov and his employment and disability.

**Verizon Stops Dov's Disability Payments**

68.    In or about August 2006, Verizon, Unum and/or MetLife terminated Dov's LTD Benefits (the "August 2006 Termination").

69.    They based their August 2006 Termination upon a provision in the 2004 SPD which purports to state that benefits payable for disabilities based upon mental-nervous conditions are limited in duration to 24 months ("2004 M&N Limit").

70.    In or about September 2006, Dov appealed the August 2006 Termination based upon the fact that, inter alia: (i) his Disabling Illnesses and Conditions were and are physiologically and anatomically based, and, therefore, do not fall within the 2004 M&N Limit; and (ii) he was enrolled in the 2005 SPD at the time of his long-term disability and the 2005 SPD contains language that, even assuming arguendo that the disability was based upon a mental-nervous condition, it would not be subject to any such limitation ("Appeal of Termination").

71.    Dov filed his Appeal of Termination with MetLife.

11

72.    In or about September 2006, MetLife notified Dov that it had reversed the August 2006 Termination and would continue to pay LTD Benefits; however, MetLife further determined that Dov's LTD Benefits would be administered partially under the 2004 SPD and partially under the Bell Atlantic Plan, with MetLife and Verizon selectively applying the provisions least favorable to Dov in both plans (the "September 2006 Determination"). Accordingly, Dov would receive his benefits at the 50% Level, fully taxable (which appears in the Bell Atlantic Plan), and, for the first time, his benefits would be subjected to the lower $8,333 monthly benefit cap listed in the 2004 SPD (collectively, these benefits are hereinafter referred to as the "Reduced Benefits Level").

73.    From September 2006 to present day, Verizon, through MetLife, has paid Dov's benefits at the Reduced Benefits Level, namely 50% of his pre-disability earnings, fully taxable, and subject to a cap of $8,333 per month.

74.    As a result of defendants' payments at the Reduced Benefits Level, Dov was and is able to receive and retain only approximately 30% of the benefits to which he was (and is) entitled.

75.    On or about November 16, 2006, well within the time within which administrative appeals must be filed, Dov appealed ("Dov's November 2006 Appeal" or "his November 2006 Appeal," as applicable) the September 2006 Determination (deciding that Dov was covered under the 2004 SPD, and that he was only entitled to continued benefits at the Reduced Benefits Level) to MetLife.

76.    As part of Dov's November 2006 Appeal, Dov also demanded that Verizon and/or MetLife provide Dov with copies of certain tape recordings Verizon and/or its representatives had made of conversations they had with Dov (the "Tape Recordings").[3]

77.    In addition to providing the November 2006 Appeal to MetLife, Dov sent a copy to Verizon.

78.    On or about January 4, 2007, Verizon (not MetLife) purported to "deny," what Verizon characterized as, Dov's request for "additional" benefits, and further decided that Dov was covered under the 2004 SPD, as if MetLife had not already made that determination and as if Dov had not appealed it in November 2006 ("Verizon's January 2007 Denial").

79.    Verizon's January 2007 Denial did not address Dov's demand for the Tape Recordings.

80.    On or about January 19, 2007, Dov demanded copies of the administrative record for purposes of preparing an appeal to Verizon's January 2007 Denial ("Dov's Administrative Record Demand").

81.    As part of Dov's Administrative Record Demand, Dov again demanded, inter alia, copies of the Tape Recordings.

82.    Verizon and MetLife refused, and continue to refuse, to produce the Tape Recordings that Dov demanded.

83.    In response to Dov's Administrative Record Demand, Verizon and MetLife

---

[3]Verizon repeatedly refused to produce certain tape recordings as part of the administrative record, while making other such recordings available.

refused, and continue to refuse, to provide documents unless they were redacted to eliminate, among other information, the names of individuals involved in Verizon's January 2007 Denial.

84.    On or about April 27, 2007 ("Dov's April 2007 Appeal"), Dov filed his appeal of the January 2007 Denial, incorporating therein by reference, the facts, documents and arguments contained in his November 2007 Appeal filed with MetLife.

85.    As part of Dov's April 2007 Appeal, Dov demanded that his LTD Benefits be administered and paid pursuant to the 2005 SPD, retroactively, currently and prospectively, at the 66⅔% Level, tax-free, at the cap set forth in the 2005 SPD, namely $11,111 per month ("Full Benefits").

86.    As part of Dov's April 2007 Appeal, Dov again demanded copies of the Tape Recordings.

87.    Upon information and belief, the Tape Recordings contain admissions by Verizon and its representatives that Dov is entitled to Full Benefits.

88.    Dov's representatives made themselves available to members of Verizon's appeal board to provide answers to any questions Verizon might have had, and to otherwise facilitate and assist during the appeal process.

89.    Under the 2004 SPD and 2005 SPD, any response to an appeal of a determination must be made within 45 days of the appeal unless additional time therefor is requested by the Plan, in which case an additional 45 days is provided.

14

90.    Neither Verizon nor MetLife requested additional time within which to provide a response to Dov's April 2007 Appeal.

91.    As of this writing, more than 95 days after Dov filed his April 2007 Appeal, neither Verizon nor MetLife has responded, despite requests therefor.

92.    Verizon's and MetLife's failures to respond to Dov's April 2007 Appeal within the time periods prescribed under the applicable SPD constitutes, as a matter of law, a rejection of the same (the "De Facto Rejection").

93.    Verizon's mistreatment of the November 2006 Appeal, refusal to produce the Tape Recordings, insistence on the redaction of critical documents within the administrative record, failure to render a decision within the 45-day period, failure to request additional time as prescribed in the applicable SPD and failure to render a decision within 90 days after the April 2007 Appeal, all despite demands therefor and all in combination with the overall mistreatment and misleading and other egregious conduct by Verizon, the Plan, MetLife, Unum and their respective representatives and employees, is reflective of a conflict of interest, warranting de novo review of the De Facto Rejection.

## FIRST CAUSE OF ACTION

94.    Dov repeats and realleges the allegations contained in the preceding paragraphs 1 through 93 inclusive, as if set forth fully herein.

95.    Dov has paid all required Premiums under the 2005 SPD.

96.    Verizon has accepted all of Dov's payment of Premiums under the 2005 SPD.

97.    Dov's Premiums were paid with <u>after</u>-tax earnings.

98.    Verizon has never returned any of Dov's Premiums paid for enrollment and participation in the 2005 SPD.

99.    Dov is, and since at least July 30, 2005 has been, subject to a long-term disability within the meaning of the 2005 SPD and any other plan, SPD or other such document issued by and/or through Verizon or its representatives.

100.    Under the 2005 SPD, Dov is (and since July 30, 2005 has been) entitled to receive Full Benefits, namely 66⅔% of his pre-disability earnings, tax free, with an $11,111 monthly cap, retroactively to the first date to which he was entitled to LTD Benefits, currently and prospectively.

101.    Dov timely filed and has since exhausted all applicable administrative appeals.

102.    Verizon and MetLife have failed to render a decision in response to Dov's April 2007 Appeal, but Verizon has taken the position in its January 2007 Denial that Dov is only entitled to benefits at the Reduced Benefits Level, namely benefits at 50% of his pre-disability earnings, fully taxable, and subject to the $8,333 Cap, even though the various provisions that Verizon and MetLife are and have been applying are contained in different plans and SPDs.

103.    Verizon's and MetLife's current refusal to pay Full Benefits (and Unum's past such refusal), defendants' insistence upon paying Dov at the Reduced Benefits Level, defendants' further refusal to produce the Tape Recordings and insistence upon providing

redacted documents in the administrative record, are all wrongful, illegal, arbitrary and capricious, lacking in substantial evidence, in bad faith, and otherwise violative of the Plan, 2005 SPD, and the provisions and regulations of ERISA.

104.    By reason of the foregoing, Dov is entitled to an order: (i) directing Verizon, the Plan, Unum and/or MetLife to provide coverage to him under the 2005 SPD; (ii) directing Verizon, the Plan, Unum and/or MetLife to make payment of all back benefits from July 30, 2005 to date at the Full Benefits level; (iii) declaring that Dov is entitled to continue receiving benefits in the future under the 2005 Your Rewards SPD for so long as he continues to suffer from the Disabling Illnesses and Conditions identified herein; (iv) directing Verizon, the Plan, and MetLife to produce the Tape Recordings; and (v) directing Verizon, the Plan, and MetLife to produce the documents comprising the administrative record in unredacted form.

## SECOND CAUSE OF ACTION

105.    Dov repeats and realleges the allegations contained in the preceding paragraphs 1 through 104, inclusive, as if set forth fully herein.

106.    Pursuant to §1104 of title United States Code, Unum, the Plan, MetLife and Verizon, as plan fiduciaries within the meaning of ERISA, are obligated to

discharge their duties with respect to a plan solely in the interest of the participants and beneficiaries and-

(A) for the exclusive purpose of:

(i)    providing benefits to participants and their

17

beneficiaries; and

(ii)     defraying reasonable expenses of administering the plan;

\* \* \* \* \*

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA].

29 U.S.C. §1104.

107.    Unum, the Plan, MetLife and Verizon have breached their fiduciary duties to Dov by, among other things, disregarding the pertinent provisions of the Plan, applicable SPDs, the ERISA statute, regulations issued under ERISA, and by placing their own financial interests in reducing their expenses and increasing their profitability above Dov's interests under the 2005 SPD to receive LTD Full Benefits.

108.    By reason of the foregoing, Dov is entitled to an order: (i) directing Verizon, the Plan, Unum and/or MetLife to provide coverage to him under the 2005 SPD; (ii) directing Verizon, the Plan, Unum and/or MetLife to make payment of all back benefits from July 30, 2005 to date at the Full Benefits level; (iii) declaring that Dov is entitled to continue receiving benefits in the future under the 2005 Your Rewards SPD for so long as he continues to suffer from the Disabling Illnesses and Conditions identified herein; (iv) directing Verizon and MetLife to produce the Tape Recordings; and (v) directing Verizon and MetLife to produce the documents comprising the administrative record in unredacted form.

### THIRD CAUSE OF ACTION

109.   Dov repeats and realleges the allegations contained in the preceding paragraphs 1 through 108, inclusive, as if set forth fully herein.

110.   Upon information and belief, Verizon and/or MetLife issued the January 2007 Denial and the De Facto Rejection knowing full well that Dov was entitled to Full Benefits under the 2005 SPD.

111.   Dov's Disabling Illnesses and Conditions render him particularly vulnerable to manipulation and coercion, making Verizon's and MetLife's mistreatment of him particularly cruel, wanton and outrageous.

112.   As a result of Verizon's and MetLife's actions, the symptoms of Dov's Disabling Illnesses and Conditions have worsened severely, causing him to suffer increasing memory loss, anxiety and depression.

113.   By reason of the foregoing, Dov has suffered damages in addition to those set forth herein, believed to be in excess of $500,000.

114.   The Appellate Division, First Department, determined in Acquista v. New York Life Ins. Co., 285 A.D.2d 73, 730 N.Y.S.2d 272 (1st Dep't.  2001) ("Acquista Decision") that insurance companies are liable for, among other things, consequential damages caused by bad faith denials and/or terminations of benefits.

115.   The Acquista Decision is specifically directed to the insurance industry in New York, is integral to the relationship between insureds and insurers in New York, and,

19

from a common sense perspective, regulates insurance, thereby exempting this claim from any preemptive provisions of ERISA.

## FOURTH CAUSE OF ACTION

116.    Dov repeats and realleges the allegations contained in the preceding paragraphs 1 through 115, inclusive, as if set forth fully herein.

117.    Verizon's, the Plan's, Unum's and MetLife's mistreatment and egregious misconduct set forth herein, as more fully described in the preceding paragraphs, constitutes bad faith, reflective of clear conflicts of interest.

118.    By reason of the foregoing, Dov is entitled to:

(a)     de novo consideration of Verizon's De Facto Rejection of his April 2007 Appeal; and

(b)     an award of attorneys' fees and costs in an amount to be set by the Court.

**WHEREFORE**, for the reason stated, Dov is entitled to judgment over and against defendants as follows:

As to the First Cause of Action:          an order: (i) directing Verizon, the Plan, Unum and/or MetLife to provide coverage to him under the 2005 SPD; (ii) directing Verizon, the Plan, Unum and/or MetLife to make payment of all back benefits from July 30, 2005 to date at the Full Benefits level; (iii) declaring that Dov is entitled to continue receiving benefits in the future under the 2005 Your Rewards SPD for so long as he continues to suffer from the Disabling Illnesses and Conditions identified herein; (iv) directing Verizon, the Plan, and MetLife to produce the Tape Recordings; and (v) directing

Verizon, the Plan, and MetLife to produce the documents comprising the administrative record in unredacted form.

As to the Second Cause of Action:    an order: (i) directing Verizon, the Plan, Unum and/or MetLife to provide coverage to him under the 2005 SPD; (ii) directing Verizon, the Plan, Unum and/or MetLife to make payment of all back benefits from July 30, 2005 to date at the Full Benefits level; (iii) declaring that Dov is entitled to continue receiving benefits in the future under the 2005 Your Rewards SPD for so long as he continues to suffer from the Disabling Illnesses and Conditions identified herein; (iv) directing Verizon and MetLife to produce the Tape Recordings; and (v) directing Verizon and MetLife to produce the documents comprising the administrative record in unredacted form.

As to the Third Cause of Action:    damages for bad faith, in an amount to be set at trial, believed to be in excess of $500,000;

As to the Fourth Cause of Action:    de novo review of any determinations made by defendants, plus attorneys' fees and costs in an amount to be set by the Court;

together with costs, interest, attorneys' fees, and any and all further relief this Court deems

just and proper.

Dated:     New York, New York
           August 1, 2007

                              WEISS & HILLER, PC
                              Attorneys for Plaintiff
                              600 Madison Avenue
                              New York, New York 10022
                              (212) 319-4000

                              By: _____
                                  Michael S. Hiller (MH 9871)

21