Karen M. Wahle
Robert M. Stern
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 385-5414

Attorneys for Defendants
Verizon Communications Inc. and
The Plan For Group Insurance

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOV FERSHTADT,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>THE PLAN FOR GROUP INSURANCE,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY, and UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendants. | CIVIL ACT. NO. 07-CV-6963<br><br>**MEMORANDUM IN SUPPORT OF THE VERIZON DEFENDANTS' PARTIAL MOTION TO DISMISS AMENDED COMPLAINT AND TO STRIKE JURY DEMAND**<br><br>**JUDGE COLLEEN McMAHON** |

# TABLE OF CONTENTS

    **Page**

CLAIMS AND FACTS ALLEGED .................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I.    STANDARD FOR MOTIONS UNDER FED. R. CIV. P. 12(b)(6) ....................................... 2

II.   COUNT II SEEKS RELIEF THAT IS UNAVAILABLE UNDER ERISA .......................... 3

    A.   Monetary Damages Are Not Available Under ERISA § 502(a)(3) .................................... 3

    B.   The Requested Relief Is Not Appropriate ............................................................................ 7

III. COUNT III IS PREEMPTED BY ERISA AND MUST BE DISMISSED ............................ 9

IV. COUNT IV DOES NOT ASSERT A CAUSE OF ACTION ................................................ 11

V.   PLAINTIFF IS NOT ENTITLED TO A JURY ...................................................................... 11

CONCLUSION ................................................................................................................................ 12

# TABLE OF AUTHORITIES

<b><u>Page</u></b>

**Cases**

*Acquista v. New York Life Insurance Co.*, 285 A.D.2d 73, 730 N.Y.S.2d 272 (2001) .................. 10

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007) ................................................ 2

*Billinger v. Bell Atlantic*, 240 F. Supp. 2d 274 (S.D.N.Y. 2003), aff'd, 124 Fed. Appx. 669 (2d Cir.), cert. denied, 546 U.S. 843, 126 S. Ct. 90 (2005) ............................................................ 11

*Borowski v. IBM*, 978 F. Supp. 550 (D. Vt. 1997), aff'd mem., 165 F.3d 13 (2d Cir. 1998) ......... 9

*Calhoon v. TWA, Inc.*, 400 F.3d 593 (8th Cir. 2005) ...................................................................... 5

*Callery v. United States Life Ins. Co.*, 392 F.3d 401 (10th Cir. 2004) ........................................... 5

*Conkey v. Reno*, 885 F. Supp. 1389 (D. Nev. 1995) ....................................................................... 6

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) ....................................................................... 2

*Fletcher v. Powers*, No. 78 Civ. 4775 (WCC), 1980 U.S. Dist. LEXIS 11491 (S.D.N.Y. May 7, 1980) ............................................................................................................................................. 6

*Forsyth v. Humana Inc.*, 114 F.3d 1467 (9th Cir. 1997), aff'd on other grounds, Humana Inc. v. Forsyth, 525 U.S. 299, 119 S. Ct. 710 (1999) ............................................................................ 9

*Frommert v. Conkright*, 433 F.3d 254 (2d Cir. 2006) .................................................................... 8

*Gerosa v. Savasta & Co.*, 329 F.3d 317 (2d Cir. 2003) .............................................................. 4, 7

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002) ..... 4, 5, 6, 7

*Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) ....................................................................... 8

*Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999) ................................ 9

*Kishter v. Principal Life Ins. Co.*, 186 F. Supp. 2d 438 (S.D.N.Y. 2002) ...................................... 6

*Kok v. First UNUM Life Ins. Co.*, 154 F. Supp. 2d 777 (S.D.N.Y. 2001) .................................... 11

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S. Ct. 3085 (1985) ................................. 12

*Mauser v. Raytheon Co. Pension Plan for Salaried Employees*, 239 F.3d 51 (1st Cir. 2001) ....... 9

*McLeod v. Oregon Lithoprint, Inc.*, 102 F.3d 376 (9th Cir. 1996) ................................................. 5

## TABLE OF AUTHORITIES

**Page**

*Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S. Ct. 2063 (1993) ............................. *4, 7*

*Muller v. First UNUM Life Ins. Co.*, 341 F.3d 119 (2d Cir. 2003) ............................. *11*

*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005) .............................. *5, 7*

*Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284 (11th Cir. 2003) ............. *9*

*Pelosi v. Schwab Capital Mkts., L.P.*, 462 F. Supp. 2d 503 (S.D.N.Y. 2006) .............. *5*

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987) .......................... *11*

*Priest v. Fireman's Fund Ins. Co.*, No. 05-cv-0157E, 2007 U.S. Dist. LEXIS 9459 (W.D.N.Y. Feb. 9, 2007) ........................................................................................ *6*

*Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634 (5th Cir. 1999) .......... *9*

*Sereboff v. Mid Atl. Med. Servs.*, ___ U.S. ___, 126 S. Ct. 1869 (2006) ...................... *4*

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S. Ct. 2890 (1983) ............................ *10*

*Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251 (2d Cir. 1996) ........................ *11*

*Turner v. Fallon Community Health Plan Inc.*, 127 F.3d 196 (1st Cir. 1997) ............. *9*

*Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065 (1996) ................................... *7, 8, 9*

*Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002 (8th Cir. 1996) ............. *9*

*Ward v. Kennard*, 133 F. Supp. 2d 54 (D.D.C. 2000) ................................................. *6*

*West v. AK Steel Corp.*, 484 F.3d 395 (6th Cir. 2007) ................................................. *6*

**Statutes**

*ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)* ..................................................... *9, 12*

*ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)* ................................................................ *passim*

*ERISA § 514(a), 29 U.S.C. § 1144(a)* ......................................................................... *10*

Defendants Verizon Communications Inc. ("Verizon") and the Plan for Group Insurance (the "Plan") (together, the "Verizon Defendants") respectfully submit this memorandum in support of their motion to dismiss Counts II-IV of plaintiff's Amended Complaint ("Compl.") [Dkt. #10] pursuant to Fed. R. Civ. P. 12(b)(6). The Verizon Defendants also move to strike plaintiff's demand for trial by jury.

## CLAIMS AND FACTS ALLEGED

Plaintiff was employed by Verizon (or its predecessor corporations) between 1982 and 2005. (Compl. ¶¶ 3, 15.) After the events of 9/11, he suffered from major depression, post-traumatic stress disorder, and dementia. (*Id.* ¶¶ 29, 32-33.) During various periods between 2004-2007, he applied for and received disability benefits under the Plan, an employee welfare benefit plan sponsored by Verizon and covered under the Employee Retirement Income Security Act of 1974, 29 U.S.C.§ 1001, *et seq.* ("ERISA"). Although plaintiff's disability benefits were terminated on or about August 2006 (Compl. ¶ 71), this termination was reversed on appeal in September 2006 (*id.* ¶ 75). He is currently receiving monthly benefits from the Plan. (*Id*. ¶ 76.)

Plaintiff disputes the amount of the Plan benefits that he is entitled to, however. He alleges that, under the program in which he participated, he is entitled to receive benefits equal to 66% of his previous income, and that the benefits are not subject to tax. (Compl. ¶ 88.) Instead, he alleges, he is receiving benefits equal to only 50% of his previous income, and that these benefits are taxable. (*Id.* ¶ 75.) Further, plaintiff alleges that defendants mishandled both his application for benefits and his appeal by failing to provide him accurate summary plan descriptions (*id.* ¶ 40) and failing to provide him the full administrative record (*id.* ¶ 85).

If required to defend these claims on the merits, the Verizon Defendants will demonstrate that no breach of fiduciary duty occurred, that plaintiff received all benefits to which he is

entitled, that he is currently receiving the proper amount of monthly benefits, and that he suffered no harm as a result of defendants' conduct. However, even assuming the facts alleged in the Amended Complaint to be true, Counts II-IV must be dismissed because they fail to state a claim upon which relief can be granted on several grounds. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 85 (1957). The relief requested in plaintiff's ERISA breach of fiduciary claim (Count II) is not available under ERISA, since it is neither "appropriate" nor "equitable" as required by the statute. Plaintiff's state law claim for compensatory damages (Count III) is plainly preempted by ERISA. Finally, plaintiff's final claim (Count IV), seeking a declaration of *de novo* review of the plan administrator's consideration of his claim for disability benefits, is not a "cause of action" at all but simply suggests a standard of review under which the Court should adjudicate his benefit claim.

Accordingly, Counts II-IV of plaintiff's Amended Complaint must be dismissed.

**ARGUMENT**

**I.     STANDARD FOR MOTIONS UNDER FED. R. CIV. P. 12(b)(6)**

A court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1964-65 (internal quotation marks omitted). Where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 1974.

**II.     COUNT II SEEKS RELIEF THAT IS UNAVAILABLE UNDER ERISA**

Plaintiff's Count II, for breach of ERISA fiduciary duties under ERISA § 502(a)(3), vaguely seeks "equitable restitution of pension funds or any other funds that are in defendants' possession." (Compl. ¶ 112.) More specifically, plaintiff asserts that Verizon breached its duties by "disregarding the pertinent provisions" of the plan documents, motivated by its own financial interest. (*Id.*. ¶ 111.) Through more careful examination of the specific relief requested in his prayer for relief, however, it is obvious that plaintiff merely seeks monetary relief -- the amount of benefits that plaintiff claims he would have been entitled to under the Plan *but for* the defendants' alleged mishandling of his benefit claim. Regardless of what he calls it, the requested relief is not authorized under any provision of ERISA, and plaintiff's Count II must be dismissed.

**A.     Monetary Damages Are Not Available Under ERISA § 502(a)(3)**

Count II is brought under ERISA § 502(a)(3), one of the civil enforcement provisions provided to participants and beneficiaries in ERISA. This section provides that an action can be commenced:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added). By its plain terms, this provision clearly limits available relief to either (A) an injunction, or (B) "other appropriate equitable relief."

The Supreme Court has repeatedly interpreted the relief provisions of § 502(a)(3) narrowly, holding that "other appropriate equitable relief" excludes monetary relief and includes only those types of relief that were typically available in equity, such as injunction, mandamus,

3

and restitution. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S. Ct. 708, 712 (2002); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-56, 258-59 & n.8, 112 S. Ct. 2063, 2068, 2069-70 & n.8 (1993). Legal relief, such as the monetary "make whole" relief requested here, is therefore unavailable under ERISA. *Id.* at 255.

In *Great-West*, the Supreme Court clarified that an order to pay money will constitute "equitable" relief only in very limited circumstances where it may be considered "equitable restitution" -- that is, "to restore to the plaintiff particular funds or property in the defendant's possession" that rightfully belong to the plaintiff. 534 U.S. at 214. On the other hand, an action seeking to establish personal liability against the defendant and requiring it to pay damages from its assets does *not* constitute "equitable relief." *Id.*; accord *Sereboff v. Mid Atl. Med. Servs.*, __ U.S. __, 126 S. Ct. 1869, 1874 (2006) (requested relief was equitable because it sought reimbursement through an equitable lien on a specifically identified fund and not on defendant's assets generally). Here, plaintiff is not seeking to recover any specifically identifiable fund or property that he transferred to defendants; he is simply seeking money damages. Suits that seek to "compel the defendant to pay a sum of money to the plaintiff" are "almost invariably… suits for money damages… since they seek no more than compensation for loss resulting from the defendant's breach of a legal duty." *Great-West*, 534 U.S. at 210.

Following this clear precedent, the Second Circuit has held on numerous occasions that requests to pay money damages, including to make plaintiff whole for an alleged breach of fiduciary duty, are unavailable under § 502(a)(3). In *Gerosa v. Savasta & Co.*, 329 F.3d 317 (2d Cir. 2003), it rejected plaintiffs' request for an "order directing 'defendants to reimburse the plaintiffs for the shortfall the Pension Fund will experience as a result of defendants' violation of their duties under ERISA.'" *Id.* at 321. The court emphasized that ERISA § 502(a)(3) "permits

4

money awards only in very limited circumstances[,]" and further that "[c]lassic compensatory and punitive damages are never included within 'other appropriate equitable relief.'" *Id.* (citations omitted). In *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005), the court rejected plaintiffs' request for "restitution" of amounts that were allegedly overpaid for health care coverage as a result of defendants' breach of fiduciary duty. Citing *Great-West*, the *Nechis* court held that only *equitable* restitution was a permissible form of relief under ERISA, as opposed to *legal* restitution. "Thus, a constructive trust or equitable lien is imposed when, 'in the eyes of equity,' a plaintiff is 'the true owner' of funds or property, and the 'money or property identified as belonging in good conscience to the plaintiff [can] clearly be traced back to particular funds or property in the defendant's possession.'" *Id.* at 103. However, the moneys sought by the *Nechis* plaintiffs -- premiums paid for healthcare coverage -- were not segregated in a separate account or otherwise specifically identifiable or traceable. The court therefore "decline[d] to perceive equitable clothing where the requested relief is nakedly contractual."[1] *Id.*

Numerous district courts in this Circuit have followed suit, including this Court. In *Pelosi v. Schwab Capital Mkts., L.P.*, 462 F. Supp. 2d 503, 513-14 (S.D.N.Y. 2006), the Court rejected plaintiff's request for "the recovery of proceeds that plaintiff would have received but for her late husband's employer's breach of fiduciary duty," concluding that such a "make whole" remedy had been foreclosed by the Supreme Court in *Great-West*. More recently in

---

[1] Similarly, numerous circuits have held that the value of benefits to which a plaintiff claims entitlement are not recoverable as "equitable relief" under ERISA § 502(a)(3). *See McLeod v. Oregon Lithoprint, Inc.*, 102 F.3d 376, 378 (9th Cir. 1996) (award of benefits that plaintiff would have been entitled to but for plaintiff's error in the enrollment process was compensatory damages and therefore not recoverable); *Calhoon v. TWA, Inc.*, 400 F.3d 593, 598 (8th Cir. 2005) (award of medical benefits that plaintiff alleges he would have been entitled to but for the fiduciary's breach of duty in incorrectly processing his application was not equitable relief); *Callery v. United States Life Ins. Co.*, 392 F.3d 401, 406 (10th Cir. 2004) (value of life insurance benefits allegedly misrepresented to plaintiff was not recoverable as equitable relief).

*Priest v. Fireman's Fund Ins. Co.*, No. 05-cv-0157E, 2007 U.S. Dist. LEXIS 9459 (W.D.N.Y. Feb. 9, 2007), the court cautioned the plaintiff that "requests for relief which include the payments of benefits are classified as legal relief, even when the benefits would otherwise have been payable had the employer not interfered with the claimant's rights." *Id.* at *7 n.2 (citing *Great-West*).

Nor can plaintiff's claim be saved by his vague, unspecified demand for "equitable restitution." (Compl. ¶ 112.) Courts have routinely held that such vague and unspecified requests for equitable relief are insufficient to defeat a motion to dismiss, since a court is unable to determine whether that relief may be awardable under the facts alleged. *See West v. AK Steel Corp.*, 484 F.3d 395, 403 (6th Cir. 2007) (request for "unspecified 'other relief as may be deemed just and equitable'" is "insufficient to assert a proper equitable claim under § 502(a)(3)"); *Kishter v. Principal Life Ins. Co.*, 186 F. Supp. 2d 438, 446 (S.D.N.Y. 2002) (despite the plaintiff's request for "such other . . . equitable relief as the Court deems appropriate," neither "plaintiff nor the court's own ingenuity" could suggest such a form of relief).[2]

Here, plaintiff's claim is clearly one seeking money damages for the benefits he believes were improperly withheld as a consequence of defendants' breach of their legal duties. This is

---

[2] *See also Impress Comm'ns v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1060 (C.D. Cal. 2003) ("Absent a specific recitation of . . . injunctive relief sought, the Court and defendants are entirely unable to determine whether the complaint alleges sufficient facts to show that plaintiff is entitled to the requested relief") (quoting *Conkey v. Reno*, 885 F. Supp. 1389, 1392 (D. Nev. 1995)); *Ward v. Kennard*, 133 F. Supp. 2d 54, 59 (D.D.C. 2000) ("Despite the presence of the word 'injunctive' in that section of the complaint, the court holds that the complaint insufficiently pleads a request for injunctive relief, since it does not specify the form of injunctive or specific relief sought"); *Fletcher v. Powers*, No. 78 Civ. 4775 (WCC), 1980 U.S. Dist. LEXIS 11491, at *3-4 (S.D.N.Y. May 7, 1980) (dismissing claim for injunctive relief because "plaintiff has failed to specify what additional injunctive relief he seeks").

precisely the type of "make whole" remedy the Supreme Court rejected as impermissible under ERISA § 502(a)(3). Following *Mertens*, *Great-West*, *Nechis*, and *Gerosa*, plaintiff's requested relief is unavailable here. Accordingly, Count II should be dismissed for failure to state a claim.

### B. The Requested Relief Is Not Appropriate

Even if plaintiff's requested relief was considered to be equitable, which it is not, § 502(a)(3) also requires that the requested relief be "appropriate." In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065 (1996), the Supreme Court clarified the circumstances under which an individual plan participant or beneficiary may seek "appropriate" equitable relief under § 502(a)(3) for a fiduciary's breach of its obligations. There, the defendant employer fraudulently induced the plaintiff beneficiaries into withdrawing from their benefit plan. In assessing whether § 502(a)(3) relief was available, the Supreme Court reviewed each of the causes of action under § 502(a) and concluded that § 502(a)(3) creates a "'catchall[]' providing 'appropriate equitable relief' for 'any' statutory violation." *Id.* at 512, 1077-78. The Court reasoned that this "'catchall' provision[] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.*

The Court warned, however, that

> the statute authorizes "appropriate" equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

*Id.* at 515, 1079 (citations omitted). Thus, although *Varity* held that ERISA plan participants harmed by a breach of fiduciary duty may obtain individual equitable relief against the breaching fiduciary under § 502(a)(3), the Court also foresaw that some plaintiffs would – as plaintiff has

7

here – "complicate ordinary benefit claims by dressing them up in 'fiduciary duty' clothing." *Id.* at 514, 1078. The Court noted that where an alleged breach of fiduciary duty relates, as it does in this case, to "the interpretation of plan documents and the payment of claims," § 502(a)(1)(B) already provides a remedy "that runs directly to the injured beneficiary" and a remedy under § 502(a)(3) is thus not "appropriate." *Id.* at 512, 1077.

This discussion in *Varity* has been consistently interpreted by the Second Circuit (and other circuits) to preclude claims for equitable relief under § 502(a)(3) when the requested relief may be available in a claim for benefits under § 502(a)(1)(B), most recently in *Frommert v. Conkright*, 433 F.3d 254 (2d Cir. 2006). There, the plaintiffs asserted a claim for benefits under § 502(a)(1)(B), alleging that defendants had failed to properly determine their benefits, as well as a claim for breach of fiduciary duty by the plan administrators under § 502(a)(3). The Second Circuit upheld the lower court's dismissal of the fiduciary claim, concluding that "all of the relief sought by the plaintiffs could be adequately provided under § 502(a)(1)(B)." *Id.* at 269. As the court concluded, "The relief that plaintiffs seek . . . falls comfortably within the scope of § 502(a)(1)(B)." Because "adequate relief is available under this provision, there is no need on the facts of this case to also allow equitable relief under § 502(a)(3)." *Id.* at 270, citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("when relief is available under [§ 502(a)(1)(B)], courts will not allow relief under [§ 502(a)(3)'s] 'catch-all provision'"). *See also Borowski v. IBM*, 978 F. Supp. 550, 558 (D. Vt. 1997) (relief is available under § 502(a)(3) if it is "equitable in nature, and not otherwise available to her," citing *Varity*), *aff'd mem.*, 165 F.3d 13 (2d Cir. 1998).³

---

³ Other circuits have similarly dismissed claims under § 502(a)(3) where the plaintiff sought a remedy that was otherwise available under § 502(a)(1)(B). *See Forsyth v. Humana Inc.*, 114 F.3d 1467 (9th Cir. 1997), *aff'd on other grounds, Humana Inc. v. Forsyth*, 525 U.S.

The same result should apply here. Plaintiff alleges that he is entitled to additional benefits under the terms of the Plan, that defendants failed to follow those terms, and that he should be awarded these additional benefits as relief in a fiduciary duty claim. As in *Varity*, plaintiff's claim hinges on "the interpretation of plan documents and the payment of claims." 516 U.S. at 512, 116 S. Ct. at 1077.[4] This exact remedy is potentially available to plaintiff under his claim for benefits in Count I, which is asserted under ERISA § 502(a)(1)(B). It makes no difference whether plaintiff could prevail under that claim. *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999) (holding that even the unrealized prospect of relief under § 502(a)(1) renders relief under § 502(a)(3) unavailable). Accordingly, plaintiff's claims must be dismissed as requesting relief that is not "appropriate" under ERISA § 502(a)(3).

### III. COUNT III IS PREEMPTED BY ERISA AND MUST BE DISMISSED

Plaintiff's third count asserts that defendants are liable for $500,000 in consequential damages caused by their "bad faith denial and/or termination of benefits" under the Plan.

---

299, 119 S. Ct. 710 (1999) ("equitable relief under section [502(a)(3)] is not 'appropriate' because section [502(a)(1)] provides an adequate remedy in this case"); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003); *Turner v. Fallon Community Health Plan Inc.*, 127 F.3d 196, 200 (1st Cir. 1997) (putative beneficiary denied benefits could not sue under § 502(a)(3) since the claim was "specifically addressed by [§ 502(a)(1)]"); *Mauser v. Raytheon Co. Pension Plan for Salaried Employees*, 239 F.3d 51, 58 (1st Cir. 2001) ("The Supreme Court has thus limited the applicability of an individual claim for breach of fiduciary duty to those participants who are unable to avail themselves of other remedies."); *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) ("because[§ 502(a)(1)(B)] affords [plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty"); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) ("Because [plaintiff] is provided adequate relief by her right to bring a claim for benefits under section 502(a)(1)(B) . . . and she seeks no different relief [under § 502(a)(3)], equitable relief would not be appropriate in her case. Thus, she does not have a cause of action under section 502(a)(3).").

4  Indeed, just to drive home this point, plaintiff expressly alleges that defendants breached their fiduciary duties by "disregarding the pertinent provisions of the Plan." (Compl. ¶ 111.)

(Compl. ¶¶ 116-18.) More specifically, the complaint alleges that plaintiff is suffering memory loss, anxiety and depression as a result of defendants' conduct and should receive compensation for these losses. As a threshold matter, Verizon is not an insurance company, and even if *Acquista v. New York Life Insurance Co.*, 285 A.D.2d 73, 730 N.Y.S.2d 272 (2001) can be interpreted to apply to an ERISA plan as the complaint suggests (*id.* ¶ 117), Verizon would not be subjected to liability under it.

More importantly, however, the claim is legally insufficient on the ground that any claim for consequential or extra contractual damages under state law is clearly preempted by ERISA. In enacting ERISA, Congress made regulation of employee benefit plans an exclusively federal concern and displaced almost all state regulation of employee benefit plans. To that end, § 514(a) of ERISA provides that:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a).

29 U.S.C. § 1144(a). Thus, any state law that "relates to" an "employee benefit plan" is preempted, unless it fits within one of the "very limited exceptions to pre-emption" contained in ERISA's various savings clauses in § 514(b) (and which are not applicable here). *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 104, 103 S. Ct. 2890, 2903 (1983).

Because the allegations at issue in plaintiff's third cause of action "relate to" ERISA-covered employee benefit plans, they must be dismissed as preempted. The Supreme Court and this Court have consistently and uniformly held that state law claims seeking extracontractual damages are preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987) (ERISA preempts all state law claims alleging improper processing of benefit claims); *Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003) ("state laws that would tend

10

to control or supersede central ERISA functions -- such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits -- have typically been found to be preempted."); *Kok v. First UNUM Life Ins. Co.*, 154 F. Supp. 2d 777, 780-81 (S.D.N.Y. 2001) (McMahon, J.) (plaintiff's state law claims all "stem from the denial of benefits" under an ERISA plan and are thus preempted).

## IV. COUNT IV DOES NOT ASSERT A CAUSE OF ACTION

Plaintiff's Count IV alleges that defendants' conduct as complained of in the Amended Complaint "constitute[] bad faith, and is reflective of clear conflicts of interest." (Compl. ¶ 120.) Consequently, plaintiff argues that he is entitled to "*de novo* consideration" of the denial of his appeal. (*Id.* ¶ 121.) He further clarifies that Count IV is "directed to the Court's standard of review in the specific context of ERISA." (*Id.* 121 n.4.)

This is not a "cause of action" asserted under ERISA's civil enforcement provision, ERISA § 502(a), but simply an interpretation of the Plan's terms that would need to be resolved as part of Count I as a matter of course. It sets forth no additional claim for relief, and should be dismissed on that ground.

## V. PLAINTIFF IS NOT ENTITLED TO A JURY

The Second Circuit has held on numerous occasions that there is no right to a jury trial under ERISA. *See Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1257-59 (2d Cir. 1996); *Muller v. First UNUM Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003); *Billinger v. Bell Atlantic*, 240 F. Supp. 2d 274, 286 n.8 (S.D.N.Y. 2003) (McMahon, J.) (dismissing plaintiff's demand for a jury trial, because "ERISA's civil enforcement scheme under § 502 does not include either an express or implied right to a jury trial"), *aff'd*, 124 Fed. Appx. 669 (2d Cir.), *cert. denied*, 546 U.S. 843, 126 S. Ct. 90 (2005). Accordingly, plaintiff's jury demand should be stricken.

## CONCLUSION

The remedies delineated under ERISA's civil enforcement provisions are the exclusive remedies available under ERISA. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S. Ct. 3085, 3092 (1985) ("The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."). The Supreme Court has been "especially reluctant to tamper with [the] enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text." *Great-West*, 534 U.S. at 209, 122 S. Ct. at 712 (internal quotation marks and citations omitted). Because the remedies sought by plaintiff here were not typically available in equity, and because they are otherwise provided by ERISA § 502(a)(1), his requested remedies are not available under ERISA § 502(a)(3). Accordingly, for these reasons and the other grounds discussed above, Counts II-IV of plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

Dated: October 8, 2007

Respectfully submitted,

O'MELVENY & MYERS LLP

  /s/ Karen M. Wahle
Karen M. Wahle
Robert M. Stern
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

## CERTIFICATE OF SERVICE

I certify that on October 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

/s/ Karen M. Wahle

Karen M. Wahle