Karen M. Wahle
Robert M. Stern
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel:  (202) 383-5300
Fax:  (202) 385-5414

Attorneys for Defendants
Verizon Communications Inc. and
The Plan For Group Insurance

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOV FERSHTADT,<br><br>      Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br>THE PLAN FOR GROUP INSURANCE,<br>METROPOLITAN LIFE INSURANCE<br>COMPANY, and UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>      Defendants. | **CIVIL ACT. NO. 07-CV-6963**<br><br><br>**REPLY MEMORANDUM IN<br>FURTHER SUPPORT OF THE<br>VERIZON DEFENDANTS'<br>PARTIAL MOTION TO DISMISS<br>AMENDED COMPLAINT AND TO<br>STRIKE JURY DEMAND**<br><br><br>**JUDGE COLLEEN McMAHON** |

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................... 1

I.    COUNT II SEEKS RELIEF THAT IS UNAVAILABLE UNDER ERISA ........................ 1

  A.   The Requested Relief Is Not Equitable......................................................................... 1

  B.   The Requested Relief Is Not Appropriate...................................................................... 4

II.   COUNT III IS PREEMPTED BY ERISA AND MUST BE DISMISSED ........................... 6

III.  PLAINTIFF IS NOT ENTITLED TO A JURY ..................................................................... 9

CONCLUSION.................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## Cases

Acquista v. New York Life Ins. Co., 285 A.D.2d 73 (N.Y. App. 2001) ...................................... 8

Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard,
  393 F.3d 1119 (10th Cir. 2004) ........................................................................................... 3

Admin. Comm. of the Wal-Mart Stores, Inc. v. Varco, 338 F.3d 680 (7th Cir. 2003)................. 3

Alexander v. Bosch Auto. Sys., Inc., 232 Fed. Appx. 491 (6th Cir. 2007) ................................... 3

Billinger v. Bell Atl., 240 F. Supp. 2d 274 (S.D.N.Y. 2003) ........................................................ 8

Bombardier Aero. Employees Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,
  P.C., 354 F.3d 348 (5th Cir. 2003) ...................................................................................... 3

Bouboulis v. Transp. Workers of Am., 442 F.3d 55 (2d Cir. 2006)............................................... 8

Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2d Cir. 1992) ................................ 7

Dunnigan v. Metropolitan Life Ins. Co., 277 F.3d 223 (2d Cir. 2002).......................................... 4

Gerosa v. Savasta & Co., 329 F.3d 317 (2d Cir. 2003) .................................................................. 8

Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708 (2002) ........... 2, 4

Honolulu Jt. Apprenticeship & Training Comm. of United Assoc. Local
  Union No. 675 v. Foster, 332 F.3d 1234 (9th Cir. 2003) .................................................... 3

Kok v. First UNUM Life Ins. Co., 154 F. Supp. 2d 777 (S.D.N.Y. 2001)................................... 8

Mertens v. Hewitt Assocs., 508 U.S. 248, 113 S. Ct. 2063 (1993) ............................................... 4

Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 105 S. Ct. 2380 (1985) ................... 7

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96 (2d Cir. 2005) ................................................. 3

Nelson v. UNUM Life Ins. Co. of Am., 232 Fed. Appx. 23 (2d Cir. 2007)............................... 7, 8

Oechsner v. Connell Ltd. P'ship, 283 F. Supp. 2d 926 (S.D.N.Y. 2003)...................................... 8

Pandozy v. Segan, No. 06 CV 7153 (VM), 2007 U.S. Dist. LEXIS 73656
  (S.D.N.Y. Sept. 27, 2007)................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

Pelosi v. Schwab Capital Mkts., L.P., 462 F. Supp. 2d 503 (S.D.N.Y. 2006)................................. 6

Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987) ................................... 7

Sackman v. Teaneck Nursing Ctr., 86 Fed. Appx. 483 (3d Cir. 2003)............................................ 3

Sereboff v. Mid Atl. Med. Servs., 547 U.S. 356, 126 S. Ct. 1869 (2006) ...................................... 2

Simeon v. Mount Sinai Med. Ctr., 150 F. Supp. 2d 598 (S.D.N.Y. 2001) ................................. 4, 5

Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065 (1996) ........................................................ 5

Wharton v. Duke Realty, LLP, 467 F. Supp. 2d 381 (S.D.N.Y. 2006) .......................................... 4

## Statutes

ERISA § 104(b), 29 U.S.C. § 1024(b) ........................................................................................... 6

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) .................................................................... 5, 6

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................................................ 2, 4, 5

ERISA § 514, 29 U.S.C. § 1114 ................................................................................................... 7

Defendants Verizon Communications Inc. ("Verizon") and the Plan for Group Insurance (the "Plan") (together, the "Verizon Defendants") respectfully submit this reply memorandum in further support of their motion to dismiss Counts II-IV of plaintiff's Amended Complaint ("Compl.") pursuant to Fed. R. Civ. P. 12(b)(6), and to strike plaintiff's jury demand.

The Verizon Defendants' opening memorandum [Dkt. #12] ("Defs.' Mem.") argued that Counts II-IV of the Amended Complaint must be dismissed because they fail to state a claim upon which relief can be granted on several grounds. The relief requested in plaintiff's ERISA breach of fiduciary claim (Count II) is not available under ERISA, since it is neither "appropriate" nor "equitable" as required by the statute. In addition, plaintiff's state law claim for compensatory damages (Count III) is plainly preempted by ERISA. Finally, plaintiff's final claim (Count IV), seeking a declaration of *de novo* review of the plan administrator's consideration of his claim for disability benefits, is not a "cause of action" at all but simply suggests a standard of review under which the Court should adjudicate his benefit claim.

Plaintiff's opposition brief (Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss [Dkt. #19] ("Pl.'s Opp.")) did nothing to support his claims. The Court should reject plaintiff's suggestion that it disregard this Circuit's well-established interpretation of Supreme Court precedent, and dismiss Counts II-IV with prejudice.

**ARGUMENT**

**I.    COUNT II SEEKS RELIEF THAT IS UNAVAILABLE UNDER ERISA**

**A.    The Requested Relief Is Not Equitable**

As discussed in the Verizon Defendants' opening brief (Defs.' Mem. at 4-7), Count II should be dismissed because it does not properly seek "equitable relief" under ERISA § 502(a)(3). The Supreme Court and the Second Circuit have repeatedly held that "equitable

1

relief" does not include monetary damages, including an award of benefits for alleged violations of ERISA as plaintiff seeks in this case.  *See, e.g.*, *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S. Ct. 708, 712 (2002) ("Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for money damages") (internal quotations omitted).  In his opposition, plaintiff argues that the relief he requests in Count II falls within that authorized by ERISA §502(a)(3) because he seeks "equitable restitution of specific pension funds[.]"  (Pl.'s Opp. at 19.)  However, plaintiff does not, and cannot, satisfy the requirements for "equitable restitution" under ERISA § 502(a)(3).

In contrast to legal restitution which is not permissible under ERISA § 502(a)(3), equitable restitution, as carefully explained by the Supreme Court in *Great-West*, requires that the plaintiff seek "a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."  534 U.S. at 213.  Thus, in order "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."  *Id.* at 214.  Consistent with this statement in *Great-West*, equitable restitution is proper only when the property or funds at issue are "specifically identifiable."  *See Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 126 S. Ct. 1869, 1874 (2006) (holding that restitution was equitable where plaintiff "sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the [defendant's] assets generally").  Virtually all courts that have addressed the issue have held that property or funds are "specifically identifiable" *only* where the property or funds at issue are segregated in a separate account, in other words, when they

constitute a *res* that can be pointed to.[1]

For example, in *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005), the Second Circuit affirmed the dismissal of plaintiff's equitable restitution claim because "the monies upon which [plaintiff] seeks to impose a trust are premiums paid for health care coverage, which *[defendant] is under no obligation to segregate and which [plaintiff] does not allege to be segregated in a separate account*." *Id.* at 103 (emphasis added). Like *Nechis*, nowhere in plaintiff's complaint or his opposition brief does he allege (nor can he) that the benefits he seeks are located in any segregated or separate account apart from defendant's general assets. Like in *Nechis*, his request for "equitable restitution" should be denied.

Indeed, it is abundantly clear that, despite plaintiff's assertion that he seeks "equitable restitution," he does not -- he simply does not seek to recover any funds that he has advanced to the Verizon Defendants and that rightfully belong to him. *See Honolulu Jt. Apprenticeship & Training Comm. of United Assoc. Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir. 2003) (rejecting restitution claim because "[t]here is no indication that the funds are specific or identifiable . . . . Indeed, no funds were actually transferred to [defendant]."). [2] Rather, he seeks only to "impose personal liability" on defendants for their alleged breach of fiduciary duties under ERISA. *See Great-West*, 534 U.S. at 210; *see also Wharton v. Duke Realty, LLP*, 467 F.

---

[1] *See, e.g.*, *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1122 (10th Cir. 2004) (funds held in court's registry were "specifically identifiable"); *Admin. Comm. of the Wal-Mart Stores, Inc. v. Varco*, 338 F.3d 680, 687-87 (7th Cir. 2003) (funds placed in reserve bank account were "specifically identifiable"); *Bombardier Aero. Employees Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 350 (5th Cir. 2003) (funds placed in trust account by plaintiff's counsel were "specifically identifiable").

[2] *See also Alexander v. Bosch Auto. Sys., Inc.*, 232 Fed. Appx. 491, 500 (6th Cir. 2007) ("[T]he doctrine of equitable restitution is an awkward fit under these circumstances because Plaintiffs did not transfer identifiable funds or property to [the defendant]."); *Sackman v. Teaneck Nursing Ctr.*, 86 Fed. Appx. 483, 485 (3d Cir. 2003) (rejecting restitution claim under § 502(a)(3) where "[plaintiffs] do not identify a specific block of money that passed from [it] to [the defendant]").

Supp. 2d 381, 392 (S.D.N.Y. 2006) (McMahon, J.) (rejecting "equitable restitution" claim to recover $75,000 in "benefits [that plaintiff] claims she is owed" because she "cannot point to any specific funds in the hands of the defendants on which she can assert a constructive trust.").

Plaintiff's citation to *Simeon v. Mount Sinai Med. Ctr.*, 150 F. Supp. 2d 598 (S.D.N.Y. 2001), does not support his argument that a monetary award of benefits under ERISA § 502(a)(3) is permissible in this case.  (Pl.'s Opp. at 19.)  The Court in *Simeon*, which was decided prior to *Great-West*, provided no analysis of the propriety of such a remedy as "equitable relief" under ERISA § 502(a)(3).  Likewise, plaintiff's citation to *Great-West* and *Dunnigan v. Metropolitan Life Ins. Co.*, 277 F.3d 223 (2d Cir. 2002), does not support any award of benefits here.  (Pl.'s Opp. at 19.)  Both cases allow certain relief (specific performance for past payments due and payment of interest on back benefits, respectively) only where it has been previously established that plaintiff is entitled to benefits under the plan, which is simply not the case here.

Thus, regardless of how plaintiff may choose to label or characterize his requested relief, it is clear that he seeks nothing other than monetary damages which are impermissible under ERISA § 502(a)(3).  *See, e.g.*, *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255, 113 S. Ct. 2063 (1993) ("Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory damages – monetary relief for all losses . . . sustained as a result of the alleged breach of fiduciary duties").  Accordingly, Count II should be dismissed.

### B.    The Requested Relief Is Not Appropriate

Count II also fails because plaintiff does not seek "appropriate" relief.  As discussed in the Verizon Defendants' opening brief (Defs.' Mem. at 8-9), the Supreme Court and the Second Circuit have held that a claim under ERISA § 502(a)(3) is not "appropriate" if another remedial

provision of ERISA, including ERISA § 502(a)(1)(B), provides the plaintiff with an adequate remedy. *See, e.g., Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S. Ct. 1065, 1079 (1996); *Frommert v. Conkright*, 433 F.3d 254, 269-70 (2d Cir. 2006). Plaintiff does not refute this uniform wall of authority in his opposition, but rather, citing *Simeon v. Mount Sinai Medical Center*, 150 F. Supp. 2d 598 (S.D.N.Y. 2001), argues that ERISA § 502(a)(1)(B) does not provide him an adequate remedy for his breach of fiduciary duty claim. (Pl.'s Opp. at 20.)

Contrary to plaintiff's contention, *Simeon* provides no support for his argument. In *Simeon*, the Court held that plaintiff's breach of fiduciary duty claim alleging that defendants violated ERISA § 104(b)(4) by failing to provide him with a summary plan description ("SPD") absent a request within 90 days after he became a participant was properly asserted under ERISA § 502(a)(3). 150 F. Supp. 2d at 604. Rejecting defendants' argument that ERISA § 502(c)(1) (which provides a specific penalty for failing to provide a summary plan description *upon a participant's request*) afforded plaintiff adequate relief, the Court emphasized that plaintiff's "claim is not that the defendants failed to respond to a request for a summary plan description," and that no civil enforcement provision under ERISA § 502(a) provides specific relief for the alleged violation upon which plaintiff based his breach of fiduciary duty claim. *Id*.

In contrast, notwithstanding plaintiff's erroneous assertion that "only ERISA's provision providing for 'other equitable relief' can certainly and appropriately restore [his] pension benefits" (Pl.'s Opp. at 21), plaintiff's request to recover past and future benefits clearly falls within the purview of ERISA § 502(a)(1)(B). That section expressly authorizes a cause of action by a participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Indeed, plaintiff can, and *has*, asserted such a claim in Count I

*seeking the exact same relief* as in his breach of fiduciary duty claim in Count II, which is also based on the *same* allegation that defendant "disregarded the pertinent provisions of the Plan" (Compl. ¶ 111) in failing to pay him the benefit he seeks. Thus, Count II is wholly duplicative and not "appropriate." *See Pelosi v. Schwab Capital Mkts., L.P.*, 462 F. Supp. 2d 503, 514 (S.D.N.Y. 2006) (dismissing ERISA § 502(a)(3) claim because, "[a]lthough characterized as 'equitable enforcement,' [plaintiff] seeks identical relief for his discrimination claim as for his wrongful denial of benefits pursuant to ERISA § 502(a)(1)(B)"). Accordingly, because ERISA § 502(a)(1)(B) affords plaintiff an adequate remedy, Count II should be dismissed.[3]

## II.     COUNT III IS PREEMPTED BY ERISA AND MUST BE DISMISSED

In their opening brief, the Verizon Defendants explained the uniform and extensive authority holding that state law claims seeking remedies for the denial of benefits allegedly due under an ERISA plan are preempted. (Defs.' Mem. at 9-11 (collecting cases).) In response, plaintiff includes a lengthy and unwieldy argument asserting that they are not. (Pl.'s Opp. at 9-16.) He neglects to include, however, a single case in this (or any other) circuit concluding that a state law claim seeking additional remedies for the denial of an ERISA benefit (or mishandling of an ERISA benefit claim) is not preempted, and there are none. The Court should reject plaintiff's novel interpretation of the established preemption law of this Circuit and dismiss his state law claims with prejudice as preempted by ERISA.

---

[3] Plaintiff's belated attempt to assert a claim under ERISA § 104(b) for defendant's alleged failure to provide certain documents – presumably forms to change benefit options and certain taped recordings – (Pl.'s Opp. at 17) should be rejected, as a plaintiff cannot amend his complaint to assert new claims and theories in an opposition to a motion to dismiss. *See Pandozy v. Segan*, No. 06 CV 7153 (VM), 2007 U.S. Dist. LEXIS 73656, at *7-8 n.1 (S.D.N.Y. Sept. 27, 2007) (collecting cases).

As a threshold matter, plaintiff did not respond to the Verizon Defendants' argument that it is not an insurance company and thus is not subject to state insurance remedies. (Defs.' Mem. at 10.) For that reason alone, Count III should be dismissed.

Turning to plaintiff's preemption analysis, he concedes that his state law claims are "related" to the ERISA plan, but insists that they are nonetheless "saved" from preemption as laws that "regulate insurance" under the "savings clause" of ERISA § 514, 29 U.S.C. § 1114, referring to the test first described in *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S. Ct. 2380 (1985). (Pl.'s Opp. at 12-13.) Plaintiff is wrong, and the Court need look no further than *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987), which held that the exact same claim asserted here -- a "tortuous breach of contract" state law claim seeking extracontractual damages for the wrongful denial of benefits under an ERISA plan -- was preempted. "The common law causes of action raised in Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under § 514(a)." *Id.* at 48. Moreover, as the Second Circuit has said, "a state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 288 (2d Cir. 1992). Plaintiff can not, and does not, cite to a single case that disagrees with this analysis.

The Second Circuit as well as this Court have uniformly followed *Pilot Life* in holding that state law claims seeking extracontractual damages arising out of ERISA benefit denials are preempted. Just earlier this year in *Nelson v. UNUM Life Ins. Co. of Am.*, 232 Fed. Appx. 23, 25 (2d Cir. 2007), the Second Circuit affirmed the dismissal of the identical claims against both an insurer and the plan's non-insurer administrator as preempted under *Pilot Life*, concluding that

plaintiff's claims "seek to supplement and even supplant ERISA's exclusive remedy for the wrongful denial of benefits."[4] *See also Oechsner v. Connell Ltd. P'ship*, 283 F. Supp. 2d 926, 935 (S.D.N.Y. 2003) (McMahon, J.) ("ERISA's express remedies, as the product of long and careful study and compromise, should remain exclusive.") (quoting *Gerosa v. Savasta & Co.*, 329 F.3d 317, 322 (2d Cir. 2003)); *Billinger v. Bell Atl.*, 240 F. Supp. 2d 274, 287 (S.D.N.Y. 2003) (McMahon, J.) ("Not only do plaintiff's [state law] causes of action relate to claims for benefits, they relate to the essence of plan administration.  Therefore, all of these claims are preempted and must be dismissed."); *Kok v. First UNUM Life Ins. Co.*, 154 F. Supp. 2d 777, 781 (S.D.N.Y. 2001) (McMahon, J.) (plaintiff's claims for breach of contract "stem from the denial of benefits under the Long Term Disability Plan.  Such claims 'relate to' the ERISA benefit plan at issue in this case, and are therefore pre-empted").[5]

  Given the strong precedent in the Supreme Court, the Second Circuit, and this Court, the Court should reject plaintiff's invitation to make new law by finding that extracontractual damages are available under ERISA, and dismiss his Count III seeking such damages as preempted under ERISA.

---

[4] The Second Circuit also found, alternatively, that the claim would be preempted as against the plan administrator (plaintiff's employer) because it sought to regulate an ERISA fiduciary, the regulation of which is solely an ERISA concern.  *Nelson*, 232 Fed. Appx. at 25, *citing Bouboulis v. Transp. Workers of Am.*, 442 F.3d 55, 64-65 (2d Cir. 2006).

[5] The New York Appellate Division's decision in *Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73 (N.Y. App. 2001), so highly touted by plaintiff, did not deal with an ERISA benefit and did not address ERISA preemption.  In fact, the word "ERISA" does not appear in the decision.  It merely allowed extracontractual damages against an insurance company that denied an insurance claim without a reasonable basis to do so.  *Id.* at 78.  Finding that a "traditional contract analysis" could lead to "fundamental injustice," the *Acquista* court held that the remedy was not necessarily limited to the amount specified in the insurance policy.  *Id.* at 81.

### III.    PLAINTIFF IS NOT ENTITLED TO A JURY

Plaintiff concedes that he is not entitled to a jury trial on his ERISA claims.  (Pl.'s Opp.

at 22-23.)  He insists, however, that he is entitled to a jury trial on his state law claim seeking

extra-contractual punitive and compensatory damages for bad faith denial of his benefits under

an insurance policy in Count III.  *Id.*  Because Count III is preempted by ERISA as explained

above, plaintiff is not entitled to a jury trial on any of his claims in this law suit.

### CONCLUSION

For the reasons explained above and in the Verizon Defendants' opening memorandum,

Counts II-IV of plaintiff's Amended Complaint fails to state a claim upon which relief can be

granted and should be dismissed with prejudice.


Dated:  November 13, 2007

Respectfully submitted,

O'MELVENY & MYERS LLP


  __/s/ Karen M. Wahle_____
Karen M. Wahle
Robert M. Stern
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

9

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.


/s/ Karen M. Wahle

Karen M. Wahle