UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------- x
DOV FERSHTADT,                    :
                                  :     07 Civ. 6963
                Plaintiff,        :
                                  :
    -against-                     :
                                  :
VERIZON COMMUNICATIONS INC.,      :
THE PLAN FOR GROUP                :
INSURANCE, METROPOLITAN LIFE      :
INSURANCE COMPANY, and UNUM       :
LIFE INSURANCE COMPANY OF         :
AMERICA,                          :
                                  :
                Defendants.       :
------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

**MEMORANDUM OF LAW IN OPPOSITION TO METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

On December 5, 2007, defendant Metropolitan Life Insurance Company ("MetLife") filed a notice of joinder to the motion to dismiss, filed by Verizon Communications, Inc. and the Plan for Group Insurance ("PGI") (collectively, the "Verizon Defendants"). Rather than repeat the arguments interposed in opposition to the Verizon Defendants' motion to dismiss, Plaintiff, Dov Fershtadt, ("Dov"), hereby incorporates and adopts by reference the counter-statement of facts and arguments set forth in his previously filed and served opposition.

In addition to the foregoing, with respect to the Verizon Defendants' and MetLife's argument that Dov's state law claim for bad faith should be preempted under ERISA, Dov reiterates that the Verizon Defendants' potential advancement of an argument under ERISA's deemer clause will fail on their motion to dismiss because Verizon has not established whether (or not) and the extent to which it acts as an insurance company, receives money from insurance companies, or engages in the insurance business, generally (Memorandum of Law, p.10 n.7). We further aver with specific regard to MetLife, that the latter is unquestionably and undeniably an insurance company that is subject to New York state laws governing insurance, and in particular, the principles underlying the Acquista Decision. Accordingly, Dov's third cause of action is indisputably "saved" from preemption under ERISA's savings clauses.

## CONCLUSION

For the foregoing reasons and those previously set forth in Dov's opposition, MetLife's motion should be denied in all respects.

Dated:   New York, New York
         December 19, 2007

                                              **WEISS & HILLER, PC**
                                              Attorneys for Plaintiff, Dov Fershtadt
                                              600 Madison Avenue
                                              New York, NY 10022
                                              (212) 319-4000

                            By: _____
                                      Michael S. Hiller (MH 9871)

On brief: Lauren Rudick, Esq.