LSK&D #: 564-7016 / 961157
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DOV FERSHTADT,

                              Plaintiff,

-against-

VERIZON COMMUNICATIONS, INC., THE
PLAN FOR GROUP INSURANCE,
METROPOLITAN LIFE INSURANCE
COMPANY, and UNUM LIFE INSURANCE
COMPANY OF AMERICA,

                              Defendants.
----------------------------------------------------------------x

No. 07 CV 6963 (CM)

**DEFENDANT METLIFE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

      Defendant Metropolitan Life Insurance Company ("MetLife") respectfully submits its Reply Memorandum of Law in Further Support of Motion to Dismiss.

### I. Plaintiff's Claim For Bad Faith Damages Is Preempted By ERISA

      In his Memorandum of Law in Opposition to MetLife's Motion to Dismiss ("Pl. Opp. Mem."), Plaintiff mistakenly argues that his state law bad faith claim is "saved" from preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (See Docket ("Dkt.") No. 28, Pl. Opp. Mem., p. 2.)

      As the Verizon Defendants have correctly pointed out in their Memorandum in Support of their Motion to Dismiss Amended Complaint ("Verizon Mem."), Dkt. No. 12, and their Reply Memorandum in Further Support of their Motion to Dismiss Amended Complaint ("Verizon Reply Mem."), Dkt. No. 21, both Memoranda in which MetLife joins,[1] ERISA's exclusive remedies provision (Section 502(a), 29 U.S.C. § 1132(a)),

---

[1] MetLife joined in the Verizon Defendants' Motion and adopted the arguments set forth in their Memoranda of Law in support. See MetLife's Notice of Joinder in Verizon Defendants' Motion to Dismiss, Dkt. No. 26, filed December 5, 2007.

1

completely preempts state law causes of action such as Plaintiff's bad faith claim alleged in Count III of his Amended Complaint. See Verizon Mem. pp. 9-12; Verizon Reply Mem. pp. 6-8. As the U.S. Supreme Court has expressly held:

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme …. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). See also Aetna Health, Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004) ("any state law cause of action that duplicates, supplements or supplants the [ERISA] civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); Lupo v. Human Affairs Int'l, Inc., 28 F. 3d 269, 272 (2d Cir 1994) (holding that state-law causes of action to recover benefits, enforce rights, or clarify rights under terms of ERISA plan are preempted); Bloom v. Cigna Corp., No. 04 CIV 5729, 2004 WL 2793207, at *2 (S.D.N.Y. Dec. 3, 2004) (dismissing plaintiff's claims for punitive and extra-contractual damages in claims for ERISA-plan benefits).

Moreover, the overriding preemptive effect of ERISA's civil enforcement provision applies even to the point of preempting state laws that regulate insurance and that otherwise would fall outside of ERISA's express preemption clause, Section 514(a), 29 U.S.C. § 1144(a). See Rush Prudential HMO, Inc. v. Moran, 122 S. Ct. 2151, 2164-65 (2002).

## II. ERISA's "Saving Clause" Does Not Apply Because The Plan Is Self-Funded

Furthermore, contrary to Plaintiff's mistaken assertion that ERISA Section 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(a), "saves" from preemption his bad faith claim

(see Pl. Opp. Mem., p. 2), ERISA's "saving clause," which saves certain state insurance laws from being preempted when applied to insured ERISA plans, is not applicable in this case. Because the Verizon Long Term Disability ("LTD") Benefits Plan (the "Plan") is self-funded, there is no insurance. In other words, MetLife did not issue a policy of insurance to fund benefits under the Plan but acted solely as the claims administrator for the Plan.

The self-funded nature of the Plan is evident from the Summary Plan Descriptions ("SPD") that Plaintiff references in his Amended Complaint. For example, Plaintiff refers to the 2004 SPD in paragraphs 44-48 of his Amended Complaint (Dkt. No. 10). The 2004 SPD states that the Plan is "self-insured", i.e. self-funded. (See Affirmation of Allan M. Marcus ("Marcus Aff."), ¶ 2, Exhibit A, p. 9-6). Likewise, Plaintiff references the 2005 SPD in his Amended Complaint at ¶¶ 49-59. The 2005 SPD also states that the LTD plan is self-insured and that the claims administrator does not pay benefits under a policy of insurance. (See Marcus Aff., ¶ 3, Exhibit B, p. 34.) Thus, the SPDs which Plaintiff references[2] in his Amended Complaint to describe his alleged causes of action show that the Verizon LTD Plan is self-funded and not an insured Plan.[3]

Even if a state law is one which "regulates insurance" within the meaning of ERISA,[4] such law is not applicable to self-funded plans by virtue of ERISA's "deemer

---

[2] The SPDs may be considered by this Court because, in deciding a Rule 12(b)(6) motion, courts may consider "any statements or documents incorporated in [the Complaint] by reference." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Harrison v. Metropolitan Life Ins. Co., 417 F. Supp.2d 424, 431 (S.D.N.Y. 2006).

[3] The 2004 and 2005 SPDs identify UNUM as the Plan's claims administrator. Since then, MetLife has assumed the duties of claims administrator. (See, e.g., Amended Complaint ¶¶ 74-75.)

clause," Section 514(b)(2)(B), § 1144(b)(2)(B), which exempts self-funded ERISA plans from state laws that regulate insurance within the meaning of the "saving clause." See FMC v. Holliday, 498 U.S. 52, 61 (1990). See also Doe v. Blue Cross & Blue Shield of Wisconsin, 112 F.3d 869 (7th Cir. 1997) (holding that exception to ERISA preemption for state laws regulating insurance does not apply when company, through insurer, was merely administering self-funded plan).

Therefore, because the Plan is self-funded and MetLife was not acting as an insurer in administering Plan benefits, state laws "regulating insurance" have no application to this case.

## CONCLUSION

For the reasons set forth above, and in the Verizon Defendants' Motion and Memoranda of Law in which MetLife has joined, the Court should grant Defendants' Motion to Dismiss Counts II to IV of Plaintiff's Amended Complaint and strike Plaintiff's jury trial demand.

Dated:   New York, New York
         December 27, 2007

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

_____
Allan M. Marcus (AM 9027)
120 Broadway
New York, New York 10271
(212) 964-6611
Attorneys for Defendant
Metropolitan Life Insurance Company

---

[4] Common-law bad faith claims have been held not to be laws "regulating insurance" within the meaning of ERISA. See Pilot Life, 481 U.S. at 50-51.

TO:

Michael S. Hiller, Esq.
WEISS & HILLER, P.C.
600 Madison Avenue, 22nd Floor
New York, NY 10022
Attorneys for Plaintiff

Karen W. Wahle, Esq.
O'MELVENY & MYERS, LLP
1625 Eye Street, NW
Washington, DC 20006
Attorneys for Defendant
Verizon Communications, Inc., and
The Plan for Group Insurance

Patrick W. Begos, Esq.
BEGOS & HORGEN, LLP
327 Riverside Avenue
Westport, CT 06880
Attorneys for Defendant
Unum Life Insurance Company of America