USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/08

**WEISS & HILLER, PC**
*Attorneys at Law*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

Direct email: mhiller@weisshiller.com
Website: www.weisshiller.com

Telecopier: (212) 753-4530

**MEMO ENDORSED**

January 2, 2008

*[Handwritten note, dated 1/4/08:] I fear you are wrong. Your complaint not only references the SPD (which incorporates it), you are necessarily relying on it in bringing your action because it defines your rights. You have attached it to your papers. I will not strike the reply.*

**Via Federal Express**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

      Re:   Fershtadt v. Verizon Communications Inc., et al.
            Case No. 07 Civ. 6963

Dear Judge McMahon:

    We represent plaintiff Dov Fershtadt in the above-captioned action. We write in connection with the reply submitted by defendant MetLife ("MetLife's Reply") dated December 27, 2007. As discussed below, in its Reply, MetLife improperly: (i) relied upon <u>new</u> documents which were not attached to, or addressed in, its moving papers; and (ii) interposed new arguments with respect to the same. Having improperly added these new documents and arguments on reply, MetLife has deprived us of an opportunity to respond. Accordingly, we ask that the Court disregard MetLife's Reply.

**Background**

    By this action, plaintiff seeks disability benefits and associated relief arising from injuries he sustained as a result of the 9/11 terrorist attacks on the World Trade Center. On October 8, 2007, defendants Verizon Communications, Inc. and The Plan for Group Insurance (collectively, the "Verizon Defendants") moved to dismiss certain claims and strike plaintiff's jury demand (the "Verizon Motion"). The Verizon Motion did not include any attachments or exhibits.

    After the Verizon Motion was briefed by the parties and fully submitted, MetLife filed its own motion, but simply adopted the arguments contained in the Verizon Motion.

Hon. Colleen McMahon
January 2, 2008
page 2

MetLife's motion papers contain no substantive arguments separate and apart from those interposed by the Verizon Defendants. Accordingly, we opposed MetLife's motion by simply adopting those arguments we advanced in response to those made by the Verizon Defendants. In response to MetLife's motion, we added one additional point, namely that, unlike the Verizon Defendants, there can be no serious dispute that MetLife is an insurance company, for purposes of determining the applicability of ERISA's Savings Clause.[*]

MetLife purported to reply to this point by attaching two unauthenticated documents which its lawyer contends are excerpts from two Summary Plan Descriptions ("SPDs"). MetLife's Reply, to the extent that opposing counsel relies on the SPDs, should be disregarded, both as a matter of law and fact.

**Discussion**

As a matter of law, documents extraneous to the complaint may not be considered on a motion to dismiss unless plaintiff incorporated those documents into the complaint by reference (see n. 2 to MetLife's Reply Memorandum of Law). Here, plaintiff did not incorporate any document into the amended complaint by reference. Although plaintiff referenced various SPDs, that does not constitute an effort to "incorporate" them. Indeed, many of the references to SPDs in the amended complaint reflect plaintiff's effort to explain why they did not apply.[**]

Moreover, as reflected in the amended complaint, there is a substantial factual dispute as to which SPD applies to plaintiff's disability claim (e.g., Amended Complaint, ¶¶62-64, 70, 72-73, 75, 78 and 88). Indeed, over the course of our work on behalf of plaintiff, both in this litigation and during the Administrative Appeal, defendants identified at least five

---

[*] The relevance of this point is as follows: In the Verizon Motion, the Verizon Defendants had argued that they were not insurance companies and that, therefore: (i) the Savings Clause did not apply to plaintiff's bad faith claim; and (ii) plaintiff's bad faith claim is preempted by ERISA. We responded to that argument by showing that the Verizon Defendants' assertion was irrelevant since, inter alia, their receipt of funding from an insurer might bring its conduct within the Savings Clause. We also cited case law establishing that arguments by a plan that it did not receive funding from an insurer are premature on a motion to dismiss. See Plaintiff Opposition Memorandum of Law at n. 7. In response to MetLife's motion, we added a notation that, although the Verizon Defendants deny being insurers, MetLife cannot possibly make the same assertion.

[**] For example, with respect to the 2004 SPD upon which MetLife relies, plaintiff identified it in the amended complaint simply to explain how unfairly he had been treated by defendants, and ultimately, plaintiff asserted that he may not be covered by it (Amended Complaint, ¶58).

Hon. Colleen McMahon
January 2, 2008
page 3

SPDs which they claimed, at one point or another, applied to plaintiff's disability claim -- specifically, the Legacy Plan, Bell Atlantic Management Plan, 2004 SPD and two 2005 SPDs.

    All of the foregoing issues would have been addressed in our opposing papers to the MetLife motion had MetLife attached the SPD exhibits to its moving papers or made arguments with respect to them. Certainly, our opposition to the Verizon Defendants' Motion placed MetLife on notice of our arguments that: (i) certain claims against the Verizon Defendants might be "saved" by reason of their receipt of monies from insurance carriers; and (ii) the Verizon Defendants' assertion that they are not insurance companies is premature at this stage of the litigation. Despite its awareness of these arguments, MetLife waited until its Reply to: (i) attach the new, unauthenticated documents that its lawyer claims are pages from applicable SPDs and (ii) raise these issues for the first time. Under these circumstances, exhibits A and B to MetLife's Reply and the arguments contained in MetLife's Reply with respect to those documents, should be disregarded.

                                        Respectfully submitted,

                                        Michael S. Hiller (MH 9871)

c:    Alan Marcus, Esq. (by facsimile)
      Karen Wahle, Esq. (by facsimile)
      Patrick Begos, Esq. (by facsimile)