LSK&D #: 564-7016 / 1021361

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DOV FERSHTADT,

                      Plaintiff,

-against-

VERIZON COMMUNICATIONS, INC., THE
PLAN FOR GROUP INSURANCE,
METROPOLITAN LIFE INSURANCE
COMPANY, and UNUM LIFE INSURANCE
COMPANY OF AMERICA,

                      Defendants.
------------------------------------------------------------x

No. 07 CV 6963 (CM)

**METLIFE'S ANSWER TO AMENDED COMPLAINT**

      Defendant Metropolitan Life Insurance Company ("MetLife"), by its attorneys, Lester Schwab Katz & Dwyer, LLP, for its Answer to the Amended Complaint, responds as set forth below.

      For the purposes of MetLife's Answer, the term "Plan" shall be used to refer collectively to any of the several versions of employee welfare benefit long term disability plans that were available to Plaintiff as an employee of Verizon Communications, Inc. ("Verizon"), or its predecessors in interest. MetLife notes that the question of which version of the Plan is effective with respect to Plaintiff is one of the disputed issues in this action, and none of MetLife's answers or references to the Plan are intended to imply which version of the Plan is applicable. The resolution of that matter is, under the Plan, reserved to the Verizon Employee Benefits Committee.

## **PARTIES**

      1.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

1

2. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint.

3. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint.

4. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint, except admits that that the employee benefit plan ("Plan") under which plaintiff claims benefits is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

5. Denies the allegations contained in paragraph "5" of the Amended Complaint, except admits that plaintiff was, at the time he went out on disability, a participant in the Plan.

6. Denies the allegations contained in paragraph "6" of the Amended Complaint, except admits that MetLife is an insurance company incorporated in the State of New York with a principal place of business in New York City.

7. Denies the allegations contained in paragraph "7" of the Amended Complaint, except admits that MetLife has been designated to determine initial claims reviews and certain appeal reviews under the Plan.

8. Denies the allegations contained in paragraph "8" of the Amended Complaint.

9. Denies the allegations contained in paragraph "9" of the Amended Complaint, except admitted that MetLife has been designated to perform initial claim reviews and certain appeal reviews under the Plan.

10. Denies the allegations contained in paragraph "10" of the Amended Complaint.

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint.

12. Denies the allegations contained in paragraph "12" of the Amended Complaint, except admits that, for certain times prior to July 2006, UNUM was designated to perform initial claim reviews and certain appeal reviews under the Plan.

## JURISDICTION

13 a. Admits the allegations contained in paragraph "13a" of the Amended Complaint.

13 b. Denies the allegations contained in paragraph "13b" of the Amended Complaint.

## VENUE

14. Denies the allegations contained in paragraph "14" of the Amended Complaint, except admits that MetLife does not contest venue in this action.

## BACKGROUND AND FACTS

15. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint, except admits that plaintiff was employed by Verizon at the time he went out on disability.

16. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint.

17. Admits the allegations contained in paragraph "17" of the Amended Complaint.

18. Admits the allegations contained in paragraph "18" of the Amended Complaint.

19. Admits the allegations contained in paragraph "19" of the Amended Complaint.

20. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint.

21. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint.

22. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint.

23. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint.

24. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Amended Complaint.

29. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30. Denies any knowledge and belief sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint

31. Denies the allegations contained in paragraph "31" of the Amended Complaint, and respectfully refers the Court to the referenced Plan for its complete terms.

32. Denies the allegations contained in paragraph "32" of the Amended Complaint, and respectfully refers the Court to the administrative claim file for plaintiff's disability benefits claim.

33. Denies the allegations contained in paragraph "33" of the Amended Complaint, and respectfully refers the Court to the administrative claim file for plaintiff's disability benefits claim.

34. Denies the allegations contained in paragraph "34" of the Amended Complaint, and respectfully refers the Court to the administrative claim file for plaintiff's disability benefits claim.

35. Admits the allegations contained in paragraph "35" of the Amended Complaint.

36. Admits, upon information and belief, the allegations contained in paragraph "36" of the Amended Complaint.

37. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Amended Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

38. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Amended Complaint.

39. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint.

40. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint.

41. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint.

42. Admits the allegations contained in paragraph "42" of the Amended Complaint.

43. Denies the allegations contained in paragraph "43" of the Amended Complaint, and respectfully refers the Court to the Plan for its complete contents.

44. Admits the allegations contained in paragraph "44" of the Amended Complaint.

45. Denies the allegations contained in paragraph "45" of the truth of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete terms.

46. Denies the allegations contained in paragraph "46" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete terms.

47. Denies the allegations contained in paragraph "47" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete terms.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

48. Denies the allegations contained in paragraph "48" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete terms.

49. Denies the allegations contained in paragraph "49" of the Amended Complaint, except admits that Verizon issued a 2005 version of the SPD for the Plan.

50. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Amended Complaint.

51. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint.

52. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint.

53. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Amended Complaint.

54. Denies the allegations contained in paragraph "54" of the Amended Complaint, and respectfully refers the Court to the referenced document for its terms.

55. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Amended Complaint.

56. Denies the allegations contained in paragraph "56" of the Amended Complaint.

57. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Amended Complaint.

58. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Amended Complaint.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

59.  Denies the allegations contained in paragraph "59" of the truth of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete contents.

60.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Amended Complaint, except admits that plaintiff was receiving short-term disability benefits for a period from August 2004 through July 2005.

61.  Admits the allegations contained in paragraph "61" of the Amended Complaint.

62.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Amended Complaint.

63.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Amended Complaint.

64.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Amended Complaint.

65.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Amended Complaint.

66.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Amended Complaint.

67.  Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Amended Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

68.    Denies the allegations contained in paragraph "68" of the Amended Complaint, except admits that plaintiff was paid long-term disability ("LTD") benefits for a certain time period.

69.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Amended Complaint.

70.    Denies the allegations contained in paragraph "70" of the Amended Complaint.

71.    Denies the allegations contained in paragraph "71" of the Amended Complaint, except admits that MetLife requested that plaintiff supply additional information about the nature of his disability to ascertain whether benefits should be terminated under the Plan's 12-month mental/nervous limitation provision.

72.    Denies the allegations contained in paragraph "72" of the Amended Complaint, except admits that MetLife requested that plaintiff supply additional information about the nature of his disability to ascertain whether benefits should be terminated under the Plan's 12-month mental/nervous limitation provision.

73.    Denies the allegations contained in paragraph "73" of the Amended Complaint, except admits that MetLife received a 61-page facsimile from plaintiff's attorney on or about September 11, 2006, and respectfully refers the Court to that document for its complete contents.

74.    Denies the allegations contained in paragraph "74" of the Amended Complaint, except admits that MetLife received a 61-page facsimile from plaintiff's attorney on or about September 11, 2006.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

75. Denies the allegations contained in paragraph "75" of the Amended Complaint, as stated, except admits that MetLife sent plaintiff's attorney a letter dated September 19, 2006 informing him that plaintiff's LTD benefits would continue in the amount of $8,333.00 per month and that the benefits were taxable, and respectfully refers the Court to the referenced document for its complete contents.

76. Denies the allegations contained in paragraph "76" of the Amended Complaint, except admits that LTD benefits have been paid to plaintiff from September 2006 to the present time.

77. Denies the allegations contained in paragraph "77" of the Amended Complaint.

78. Denies the allegations contained in paragraph "78" of the Amended Complaint, except admits that MetLife received a letter dated November 16, 2006 from plaintiff's attorney requesting MetLife reconsider its determination to pay benefits in the amount of $8,333.00 per month rather than at a higher amount, and respectfully refers the Court to the referenced document for its complete contents.

79. Admits the allegations contained in paragraph "79" of the Amended Complaint [We know he asked for the tape recordings, why not admit this?]

80. Admits the allegations contained in paragraph "80" of the Amended Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete contents.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete contents.

83. Admits the allegations contained in paragraph "83" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete contents.

84. Admits the allegations contained in paragraph "84" of the Amended Complaint, and respectfully refers the Court to the referenced document for its complete contents.

85. Denies the allegations contained in paragraph "85" of the Amended Complaint.

86. Denies the allegations contained in paragraph "86" of the Amended Complaint.

87. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Amended Complaint.

88. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Amended Complaint.

89. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "89" of the Amended Complaint.

90. Denies the allegations contained in paragraph "90" of the Amended Complaint.

91. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Amended Complaint.

LESTER SCHWAB KATZ & DWYER LLP · 120 BROADWAY · NEW YORK, NY 10271-10071

92. Denies the allegations contained in paragraph "92" of the Amended Complaint, and respectfully refers the Court to the referenced documents for their complete contents.

93. Denies the allegations contained in paragraph "93" of the Amended Complaint, with respect to MetLife. Denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

94. Denies the allegations contained in paragraph "94" of the Amended Complaint, with respect to MetLife. Denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

95. Declines to plead because the allegations in paragraph "95" of the Amended Complaint state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, MetLife denies the allegations.

96. Denies the allegations contained in paragraph "96" of the Amended Complaint.

97. Denies the allegations contained in paragraph "97" of the Amended Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

98. Repeats and reiterates each and every response hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "98" of the Amended Complaint.

99. Denies the allegations contained in paragraph "99" of the Amended Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

100. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Amended Complaint.

101. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Amended Complaint.

102. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Amended Complaint.

103. Denies the allegations contained in paragraph "103" of the Amended Complaint, except admits that plaintiff has been receiving LTD benefits since on or about July 30, 2005.

104. Denies the allegations contained in paragraph "104" of the Amended Complaint.

105. Denies the allegations contained in paragraph "105" of the Amended Complaint.

106. Denies the allegations contained in paragraph "106" of the Amended Complaint and further states that MetLife informed plaintiff's attorney by letter dated June 12, 2007 that a determination as to which version of the Plan applies to plaintiff's benefits was properly directed to the Verizon Claims Review Committee.

107. Denies the allegations contained in paragraph "107" of the Amended Complaint.

108. Denies the allegations contained in paragraph "108" of the Amended Complaint.

109. Denies each and every allegation in paragraphs "1" to "108" of the Amended Complaint not specifically admitted herein.

### ANSWERING THE SECOND, THIRD AND FOURTH CAUSES OF ACTION

110. Declines to plead as the allegations in paragraphs "109" to "122" have been dismissed by the Court in its Order dated April 24, 2008.

### AFFIRMATIVE DEFENSES

111. Plaintiff has failed to state a claim as against MetLife.

112. Plaintiff's lawsuit should be dismissed because MetLife administered plaintiff's claim in accordance with the documents and instruments governing the Plan and in the interest of all Plan participants and beneficiaries.

113. Plaintiff's remedies are limited to those afforded by ERISA.

114. To the extent that it seeks monetary relief against MetLife, Plaintiff's claim against MetLife should be dismissed because the Verizon LTD Plan is self-funded, i.e., MetLife does not fund or insure the disability benefits provided under the Plan. Therefore, MetLife has no liability for the benefits claimed by plaintiff.

115. Plaintiff's recovery of benefits, if any, is subject to reduction due to his receipt of Social Security Disability Income benefits, and other income benefits, under the terms of the Plan.

116. Plaintiff has failed to exhaust administrative remedies.

**WHEREFORE**, answering defendant MetLife demands judgment dismissing the Amended Complaint, together with its attorneys' fees, costs and disbursements of this action.

Dated:     New York, New York
           May 22, 2008

        Respectfully submitted,

        LESTER SCHWAB KATZ & DWYER, LLP

        */s/ Allan M. Marcus*

        Allan M. Marcus (AM-9027)
        120 Broadway
        New York, New York 10271
        (212) 964-6611
        Attorneys for Defendant
        Metropolitan Life Insurance Company

TO:

Michael S. Hiller, Esq.
WEISS & HILLER, P.C.
600 Madison Avenue, 22nd Floor
New York, NY 10022
Attorneys for Plaintiff

Karen W. Wahle, Esq.
O'MELVENY & MYERS, LLP
1625 Eye Street, NW
Washington, DC 20006
Attorneys for Defendant
Verizon Communications, Inc., and
The Plan for Group Insurance

Patrick W. Begos, Esq.
BEGOS & HORGEN, LLP
327 Riverside Avenue
Westport, CT 06880
Attorneys for Defendant
Unum Life Insurance Company of America