Karen M. Wahle
Robert M. Stern
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for Defendants Verizon
Communications Inc. and The Plan for
Group Insurance*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOV FERSHTADT,<br><br>         Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., THE PLAN FOR GROUP INSURANCE, METROPOLITAN LIFE INSURANCE COMPANY, and UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>         Defendants. | CIVIL ACT NO. 07-cv-6963-CM<br>(ECF Matter)<br><br>Judge Colleen McMahon |

## **DEFENDANTS VERIZON COMMUNICATIONS INC. AND THE PLAN FOR GROUP INSURANCE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Verizon Communications Inc. ("Verizon" or the "Company") and The Plan for Group Insurance ("Plan") (collectively, the "Verizon Defendants"), in answer to Plaintiff's Second Amended Complaint ("Complaint") in this matter, hereby, admit, deny, and assert as follows:

## **GENERAL DENIAL**

Except as otherwise expressly recognized herein, the Verizon Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in headings, subheadings or footnotes of the Complaint, and specifically deny any liability to

Plaintiff.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading are required shall be deemed as denied.  The Verizon Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

1.     Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint.

2.     Admit that Verizon is incorporated in Delaware with a place of business in the county and state of New York.  Deny each and every remaining allegation in paragraph 2 of the Complaint.

3.     Admit that Plaintiff was employed by a subsidiary of Verizon in August 2004.  Deny each and every remaining allegation in paragraph 3 of the Complaint.

4.     Admit that the Plan is an employee welfare benefit plan covered by ERISA.  Deny each and every remaining allegation in paragraph 4 of the Complaint.

5.     Admit that Plaintiff has been a participant in the Plan (or in a predecessor of the Plan) during certain parts of his employment.  Deny each and every remaining allegation in paragraph 5 of the Complaint.

6.     Admit that Metropolitan Life Insurance Company ("MetLife") is an insurance company doing business in New York, New York.  Assert that they are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 6 of the Complaint.

7.     Admit that MetLife has been a benefit claims administrator for the Plan since July 2006. Deny each and every remaining allegation in paragraph 7 of the Complaint.

8.    Deny each and every allegation in paragraph 8 of the Complaint.

9.    Admit that MetLife is a fiduciary to the Plan to the extent it performs fiduciary functions.  Deny each and every remaining allegation in paragraph 9 of the Complaint.

10.   Deny each and every allegation in paragraph 10 of the Complaint.

11.   Admit that UNUM Life Insurance Company of America ("Unum") is an insurance company with a place of business in Chattanooga, Tennessee.  Assert that they are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 of the Complaint.

12.   Admit that Unum was a benefit claims administrator for the Plan (or for a predecessor of the Plan) for the period from July 2004 to July 2006.  Further admit that Unum is a fiduciary to the Plan to the extent it performs fiduciary functions.  Deny each and every remaining allegation in paragraph 12 of the Complaint.

13.   Admit that this Court has jurisdiction over Plaintiff's claims under the Employee Retirement Income Security Act ("ERISA").  Deny each and every remaining allegation in paragraph 13 of the Complaint.

14.   Admit that venue is proper in this district.  Deny each and every remaining allegation in paragraph 14 of the Complaint.

15.   Admit that Plaintiff was hired by a subsidiary of a predecessor of Verizon in 1982.  Deny each and every remaining allegation in paragraph 15 of the Complaint.

16.   Admit that on September 11, 2001, Plaintiff's work office at Verizon was located in Tower 2 of the World Trade Center ("WTC").  Deny each and every remaining allegation in paragraph 16 of the Complaint.

17.   Admit the allegations in paragraph 17 of the Complaint.

18. Admit the allegations in paragraph 18 of the Complaint.

19. Admit the allegations in paragraph 19 of the Complaint.

20. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint.

21. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint.

22. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint.

23. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Complaint.

24. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint.

25. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the Complaint.

26. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the Complaint.

27. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint.

28. Deny each and every allegation in paragraph 28 of the Complaint.

29. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of the Complaint.

30. Admit that as of September 2001, Plaintiff was a participant in the Bell Atlantic Long Term Disability Plan for Management Employees (the "Bell Atlantic Plan"). Deny each

and every remaining allegation in paragraph 30 of the Complaint.

31.     Admit that under the long term disability coverage elected by Plaintiff under the Bell Atlantic Plan, Plaintiff was eligible to receive long term disability benefits at 50% of his pre-disability earnings subject to an annual cap of $420,000, and that such benefits would be taxable.  Deny each and every remaining allegation in paragraph 31 of the Complaint.

32.     Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 32 of the Complaint.

33.     Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint.

34.     Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the Complaint.

35.     Admit that Plaintiff applied for short-term disability benefits in 2004.  Deny each and every remaining allegation in paragraph 35 of the Complaint.

36.     Admit that Plaintiff was approved for short-term disability benefits effective July 31, 2004. Deny each and every remaining allegation in paragraph 36 of the Complaint.

37.     Admit that in or around October 2001, Verizon offered its employees the option to transfer from the Bell Atlantic Plan to the Plan.  Deny each and every remaining allegation in paragraph 37 of the Complaint.

38.     Admit that in or around October 2001, Verizon offered its employees the option to change their coverage level under the Bell Atlantic Plan.  Deny each and every remaining allegation in paragraph 38 of the Complaint.

39.     Deny each and every allegation in paragraph 39 of the Complaint.

40.     Deny each and every allegation in paragraph 40 of the Complaint.

41. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 41 of the Complaint.

42. Admit that the Plan is an employee benefit plan covered by ERISA. Deny each and every remaining allegation in paragraph 42 of the Complaint.

43. Deny each and every allegation in paragraph 43 of the Complaint.

44. Admit that Verizon issued a summary plan description ("SPD") for the Plan in 2004. Deny each and every remaining allegation in paragraph 44 of the Complaint.

45. Refer to the 2004 SPD (as defined in the Complaint), as it is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 45 of the Complaint.

46. Refer to the 2004 SPD, as it is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 46 of the Complaint.

47. Refer to the 2004 SPD, as it is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 47 of the Complaint.

48. Refer to the 2004 SPD, as it is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 48 of the Complaint.

49. Admit that Verizon issued a SPD for the Plan in 2005. Deny each and every remaining allegation in paragraph 49 of the Complaint.

50. Refer to the referenced October 12, 2004 email, as it is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every

allegation in paragraph 50 of the Complaint.

51.Admit that Plaintiff submitted a form electing certain benefits coverage levels under the Plan in 2005. Deny each and every remaining allegation in paragraph 51 of the Complaint.

52.Deny each and every allegation in paragraph 52 of the Complaint.

53.Admit that Plaintiff submitted a form electing long-term disability coverage under the Plan at 66 2/3% of his pre-disability earnings, and that the benefits would not be taxable. Deny each and every remaining allegation in paragraph 53 of the Complaint.

54.Refer to the 2005 SPD (as defined in the Complaint), which is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 54 of the Complaint.

55.Refer to the October 22, 2004 Verizon Confirmation (as defined in the Complaint), which is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 55 of the Complaint.

56.Admit that premiums were erroneously deducted from plaintiff's pay for 16 periods. These premiums have been fully refunded. Deny each and every remaining allegation in paragraph 56 of the Complaint.

57.Admit that premiums were erroneously deducted from plaintiff's pay for 16 periods. These premiums have been fully refunded. Deny each and every remaining allegation in paragraph 57 of the Complaint.

58.Deny each and every allegation in paragraph 58 of the Complaint.

59.Refer to the 2005 SPD, which is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 59 of

the Complaint.

60. Admit that Plaintiff was approved for short-term disability benefits from July 2004 to July 2005. Deny each and every remaining allegation in paragraph 60 of the Complaint.

61. Admit that Plaintiff was approved for short-term disability benefits from July 2004 to July 2005. Deny each and every remaining allegation in paragraph 61 of the Complaint.

62. Deny each and every allegation in paragraph 62 of the Complaint.

63. Refer to the July 14 Letter (as defined in the Complaint), which is the best evidence of its own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 63 of the Complaint.

64. Assert that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 64 of the Complaint.

65. Refer to the August 3rd Letter (as defined in the Complaint), which is the best evidence of its own contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 65 of the Complaint.

66. Refer to the August 3rd Letter, which is the best evidence of its own contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 66 of the Complaint.

67. Admit.

68. Admit that from approximately August 2005 to August 2006, long term disability benefits under the Bell Atlantic Plan were paid to Plaintiff at 50% of his pre-disability earnings subject to a $420,000 annual cap, and that such benefits were taxable. Deny each and every remaining allegation in paragraph 68 of the Complaint.

69. Deny each and every allegation in paragraph 69 of the Complaint.

70. Deny each and every allegation in paragraph 70 of the Complaint.

71. Deny each and every allegation in paragraph 71 of the Complaint.

72. Deny each and every allegation in paragraph 72 of the Complaint.

73. Deny each and every allegation in paragraph 73 of the Complaint.

74. Deny each and every allegation in paragraph 74 of the Complaint.

75. Admit that MetLife sent plaintiff's attorney a letter dated September 19, 2006 informing him that plaintiff's LTD benefits would continue in the amount of $8,333.00 per month and that the benefits were taxable. Refer to the September 19, 2006 letter, as it is the best evidence of its contents. Deny each and every remaining allegation contained in paragraph 75 of the Complaint.

76. Admit that LTD benefits have been paid to plaintiff from September 2006 to the present time, but deny plaintiff's description of those benefits. Deny each and every remaining allegation in paragraph 76 of the Complaint.

77. Deny each and every allegation in paragraph 77 of the Complaint.

78. Deny each and every allegation in paragraph 78 of the Complaint. Further assert that, on information and belief, MetLife received a letter dated November 16, 2006 from plaintiff's attorney requesting MetLife reconsider its determination to pay benefits in the amount of $8,333.00 per month rather than at a higher amount. Refer to this letter as it is the best evidence of its contents.

79. Refer to the November 16, 2006 letter from plaintiff's attorney, as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 79 of the Complaint.

80. Refer to the November 16, 2006 letter from plaintiff's attorney, as it is the best

evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 80 of the Complaint.

81. Refer to Verizon's January 2007 Denial (as defined in the Complaint), as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 81 of the Complaint.

82. Refer to Verizon's January 2007 Denial, as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 82 of the Complaint.

83. Refer to the Administrative Record Demand (as defined in the Complaint), as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 83 of the Complaint.

84. Refer to the Administrative Record Demand, as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 84 of the Complaint.

85. Deny each and every allegation in paragraph 85 of the Complaint.

86. Deny each and every allegation in paragraph 86 of the Complaint.

87. Refer to the April 2007 Appeal (as defined in the Complaint), as it is the best evidence of its contents. Further assert that the Complaint did not define the term November 2007 Appeal. To the extent a responsive pleading is required, deny each and every allegation in paragraph 87 of the Complaint.

88. Refer to the April 2007 Appeal, as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 88 of the Complaint.

89. Refer to the April 2007 Appeal, as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 89 of the Complaint.

90. Deny each and every allegation in paragraph 90 of the Complaint.

91. Refer to the April 2007 Appeal, as it is the best evidence of its contents. To the extent a responsive pleading is required, deny each and every allegation in paragraph 91 of the Complaint.

92. Refer to the 2004 SPD and the 2005 SPD, as they are the best evidence of their own contents. To the extent that a responsive pleading is required, deny each and every allegation in paragraph 92 of the Complaint.

93. Deny each and every allegation in paragraph 93 of the Complaint.

94. Deny each and every allegation in paragraph 94 of the Complaint.

95. Deny each and every allegation in paragraph 95 of the Complaint.

96. Deny each and every allegation in paragraph 96 of the Complaint.

97. Deny each and every allegation in paragraph 97 of the Complaint.

98. Deny each and every allegation in paragraph 98 of the Complaint.

99. Deny each and every allegation in paragraph 99 of the Complaint.

**FIRST CAUSE OF ACTION**

100. The Verizon Defendants repeat their responses to paragraphs 1 through 99.

101. Deny each and every allegation in paragraph 101 of the Complaint.

102. Deny each and every allegation in paragraph 102 of the Complaint.

103. Deny each and every allegation in paragraph 103 of the Complaint.

104. Deny each and every allegation in paragraph 104 of the Complaint.

105. Deny each and every allegation in paragraph 105 of the Complaint.

106. Deny each and every allegation in paragraph 106 of the Complaint, except admit that plaintiff has been receiving LTD benefits since on or about July 30, 2005.

107. Deny each and every allegation in paragraph 107 of the Complaint.

108. Deny each and every allegation in paragraph 108 of the Complaint.

109. Deny each and every allegation in paragraph 109 of the Complaint.

110. Deny each and every allegation in paragraph 110 of the Complaint.

## DEFENSES

As and for their defenses to all causes of action purported to be set forth against them in the Complaint, the Verizon Defendants assert as follows:

## FIRST DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

2. The Verizon Defendants are not proper parties to this action.

## THIRD DEFENSE

3. Plaintiff seeks relief not authorized under ERISA.

## FOURTH DEFENSE

4. Plaintiff is not entitled to the benefits sought because the requisite conditions precedent for entitlement of such benefits have not been satisfied.

## FIFTH DEFENSE

5. Plaintiff's claims are barred by the doctrines of waiver and release.

## SIXTH DEFENSE

6. Plaintiff's claims are barred in whole or in part by the doctrine of accord and

satisfaction.

## SEVENTH DEFENSE

7.      Any recovery awarded to Plaintiff should be limited, in whole or in part, to the extent that he failed to mitigate any purported damages.

## EIGHTH DEFENSE

8.      Plaintiff has failed to exhaust administrative remedies under the Plan at issue.

WHEREFORE, the Verizon Defendants request that this Court

(1)     dismiss all claims in the Complaint with prejudice;

(2)     award the Verizon Defendants reasonable costs and attorney's fees incurred in this action; and

(3)     award such further relief as is just and equitable.


Dated:  November 4, 2009                _____/s kwahle_____
                                        Karen M. Wahle
                                        Robert M. Stern
                                        O'MELVENY & MYERS LLP
                                        1625 Eye Street, NW
                                        Washington, DC 20006
                                        Tel:  (202) 383-5300
                                        Fax:  (202) 383-5414

                                        *Attorneys for Defendants Verizon*
                                        *Communications Inc. and The Plan for*
                                        *Group Insurance*